**Carolyn Kate KELLEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–82–00514–CR.**

Court of Appeals of Texas,
Dallas.

Nov. 7, 1983.

Richard Corbitt, Lawrence B. Mitchell, Dallas, for appellant.

Henry Wade, Dist. Atty., R.K. Weaver, Asst. Dist. Atty., for appellee.

Before STOREY, WHITHAM and ROWE, JJ.

ROWE, Justice.

The State's motion for rehearing is granted. Our former opinion is withdrawn, and the following is now our opinion.

Appellant appeals a conviction for theft for which the court assessed punishment at 180 days in jail pursuant to a negotiated plea bargain agreement. All proceedings were held before a magistrate appointed pursuant to TEX.REV.CIV.STAT.ANN. art. 1918c (Vernon Supp.1982–1983). Under TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979), the trial court granted appellant permission to appeal. In her sole ground of error appellant contends that "the tribunal which conducted the hearing

and entered judgment against appellant in the pending cause was improperly constituted in violation of the Constitution of the State of Texas." Because the record discloses that appellant's application for probation made at the punishment phase of the proceedings was acted upon solely by a magistrate, not empowered under Article 1918c to deny probation by his own decree, we sustain appellant's ground of error. Accordingly, we reverse and remand.

Appellant was initially indicted for the felony offense of theft of property of a value of at least $200.00 but less than $10,000.00. The indictment was returned to Criminal District Court No. 4 of Dallas County, and thereafter duly transferred to the Criminal District Court of Dallas County. Thus, the Criminal District Court of Dallas County had jurisdiction over the case pursuant to Article V, Section 8 of the Constitution of the State of Texas. Under a general order entered by the Criminal District Court of Dallas County pursuant to article 1918c, the case was referred to the Magistrate's Court of Dallas County.

When the magistrate called the case to trial the State moved to reduce the offense to the lesser included offense of theft of property of a value of more than $20.00 but less than $200.00, a misdemeanor. The State's motion was granted and approved by the magistrate. Before the taking of the plea, appellant executed a waiver of her right to trial by jury which was consented to and approved by the magistrate. Appellant signed a judicial confession in which she waived the appearance, confrontation and cross-examination of witnesses and consented to the introduction of testimony orally, by affidavits, by written statements of witnesses and by other documentary evidence. The magistrate signed an order approving appellant's waiver, consent and judicial confession. The plea bargain agreement provided that in return for a plea of guilty appellant would receive a sentence of confinement in the Dallas County Jail of 180 days for a misdemeanor with the right to serve the jail confinement on the weekends. *Appellant applied for probation.* The magistrate signed an or-

der convicting appellant and assessing a punishment of 180 days' confinement in the Dallas County Jail. This order also denied appellant's application for probation. The judge of the Criminal District Court of Dallas County, on the same day, signed a final judgment. That judgment reads:

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of Theft of property of the value of $200 or more but less than $10,000, a Third-Degree Felony, as charged in the indictment.

and this cause being this day called, the State appeared by her assistant Criminal District Attorney Charlie Mitchell, and the Defendant Carolyn Kate Kelley, appeared in person and his counsel Robert Cady, also being present and both parties announced ready and the Defendant in person and in writing in open Court having waived his right of trial by jury, such waiver being the consent and approval of the Court and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the Criminal District Attorney of Dallas County, Texas, in writing, signed by him, and filed in the papers of this cause before the Defendant entered his plea herein, the Defendant was duly arraigned and in open Court pleaded guilty to the charge contained in the indictment; thereupon the Defendant was admonished by the Court of the consequences of the said plea and the Defendant persisted in entering said plea, and it plainly appearing to the Court that the Defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him to confess his guilt, the said plea was accepted by the Court and is now entered of record as the plea herein of the Defendant. The Defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and agreed that the evidence may be stipulated and consent-

ed to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause; and, the Court having, heard the Defendant's waiver of the reading of the indictment, the Defendant's plea thereto, the evidence submitted, and the argument of counsel, is of the opinion from the evidence submitted that the Defendant is guilty as charged.

IT IS THEREFORE ADJUDGED BY THE COURT, that the said Defendant is guilty of the offense of Theft of property of the value of $20 or more but less than $200, a Class "A" Misdemeanor, as included in the indictment.**
as found by the Court, that the said Defendant committed said offense on the 14th day of September, 1981, that the punishment is hereby assessed at 180 Days confinement in the County Jail of Dallas County, Texas, that the Defendant be punished in accordance with same and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended, for which execution will issue.

THEREUPON the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and it appearing to the Court that the Defendant is mentally competent and understanding of the English language, the Court proceeded in the presence of said Defendant, his counsel also being present, to pronounce sentence against him, as follows:

IT IS THE ORDER OF THE COURT that said Defendant, who has been adjudged to be guilty of Theft of property of the value of $20 or more but less than $200, a Class "A" Misdemeanor, as included in the indictment.**
and whose punishment has been assessed by the Court at confinement in the County Jail of Dallas County, Texas, for 180 Days be confined by the Sheriff of Dallas County, Texas, immediately, in said County Jail of Dallas County for 180 Days,, [sic] and court costs of $68.00 in accordance with the provisions of the law of said State, and the said Defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

It is further ADJUDGED and DE-CREED by this Court that the sentence pronounced herein shall begin this date, and that the Defendant is granted credit for time served beginning on date of 4/16/82—Defendant to Serve Time on Consecutive Weekends.

---

** Upon Motion of the District Attorney is permitted to try this case on the lesser included felony of: Theft of property of the value of $20 or more but less than $200, a Class "A" Misdemeanor, as included in the indictment.

It is noteworthy that while this judgment expressly adopts most of the magistrate's rulings, it fails to refer in any way to appellant's application for probation. There is no indication in the judgment that the district court judge ever considered the matter of probation.

█ With the description of the proceedings below before us, we consider first whether a magistrate appointed pursuant to Article 1918c is a court or only a surrogate for a district court.

A court is an instrumentality of sovereignty, the repository of its judicial power, with authority to adjudge as to the rights of person or property between adversaries. The presence of a judge or judges is necessary as an essential element of a court. A "court" was defined by Bacon to be "an incorporeal being, which requires for its existence the presence of the judges or a competent number of them."

*Mengel Box Co. v. Fowlkes*, 135 Tenn. 202, 186 S.W. 91, 92 (1916). The State of Texas, as sovereign, created district courts, and provided for judges of those courts, in Article V, Sections 1 and 7 of its Constitution and placed its judicial power in all criminal cases of the grade of felony in those district courts. TEX. CONST. art. V, § 8. Accordingly, we hold that magistrates ap-

pointed pursuant to Article 1918c are neither courts nor judges, but only individuals possessed of certain qualifications appointed to perform certain duties for instrumentalities of the State of Texas that are, indeed, true courts. Accordingly, we conclude that the magistrate is no more than a surrogate for the district court. The State concedes as much for it tells us in its brief that "the magistrates of Dallas County are agents of the district judges, but are not themselves judges, or nor has art. 1918c created a statutory court. All art. 1918c does is authorize a procedure whereby the duly constituted district court judges may dispose of certain matters before them."

■■ When the matter of probation is placed before a district court judge, he may dispose of it by granting probation "when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby...." TEX.CODE CRIM.PROC.ANN. art. 42.13, § 3 (Vernon Supp.1982–1983). The question then arises whether judicial decisions concerning "the ends of justice," and "the best interests of the public" and the "best interests ... of the defendant" required by Article 42.13 § 3 may be made by a surrogate. We conclude that judicial decisions concerning "the ends of justice" and "the best interests of the public" and "the best interests ... of the defendant" required by Article 42.13 § 3 cannot be left to a surrogate under the Constitution of the State of Texas. Article V, Section 1 of the Constitution of Texas provides:

> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.

> The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

Article V, Section 7, of that Constitution provides for the creation of judicial districts and for the election of judges for those district courts. Article V, Section 8 of that Constitution provides that "[t]he District Court shall have original jurisdiction in all criminal cases of the grade of felony." We decline to treat judicial decisions concerning the grant or denial of probation after a plea of guilty as unimportant administrative matters which busy judges may delegate entirely to others. We conclude that when the Constitution of the State of Texas created district courts and vested jurisdiction of the present case in one of those courts, that Constitution requires that the person occupying the office of judge of that court—and not a surrogate appointed by that judge—make the judicial decisions concerning "the ends of justice" and "the best interests of the public" and "the best interests ... of the defendant" required by Article 42.13 § 3. Accordingly, we hold that under the Constitution of the State of Texas only the judge of the Criminal District Court of Dallas County held the judicial power of the State of Texas to make a final decision on whether appellant should be placed on probation pursuant to Article 42.13 § 3 and that this judicial power cannot be delegated to a surrogate. By virtue of an impermissible application of Article 1918c appellant has been denied probation solely by a person not then holding the judicial power of the State of Texas to deny probation.[1] Thus we conclude that the "tribunal" which conducted the hearing on appellant's application for probation and denied with finality that motion was one not constitutionally authorized to so act. For such reason,

---

**1.** We are not unmindful of section 7(c) of article 1918c which provides for automatic approval of action taken by magistrates where, upon retransmittal to it, the referring court makes no "modification, correction, rejection, reversal, or recommittal." Resort to this provision, however, does not validate for constitutional purposes, a magistrate's ruling on a matter which the record fails to disclose was ever presented to a district judge for a final decision.

appellant's sole ground of error must be sustained.

Reversed and remanded.

WHITHAM, Justice, concurring.

I concur in the result. I was the author of our former opinion. On rehearing I circulated to the other members of this panel a new draft opinion in order to correct my errors in our former opinion resulting from placing certain language incorrectly attributed to the State's brief within quotation marks. Other than the changes required to correct my errors and the addition of footnote one (1), that new draft opinion was identical to our former opinion. The majority's present opinion on rehearing and my new draft opinion are much the same. For comparison I attach as appendix "A" hereto a copy of my draft opinion on rehearing.

I write to express my concern that in sum the changes and omissions made by the majority in my draft opinion exhibit a willingness on the part of the majority to approve of a "rubber stamp" judicial system. This concern is born in part of the fact that the majority deletes from my draft opinion my language commenting on the trial court's general order of referral "to the Magistrate's Court of Dallas County, Texas". My concern is born in part of the fact that the majority treats a judgment which incorrectly describes certain events as having occurred before the judge of the Criminal District Court of Dallas County as a ratification of the magistrate's rulings. My concern is born in part of the fact that the majority makes a significant one word addition in repeating one of my sentences. I write that "[W]e decline to treat judicial decisions involving the grant or denial of probation after a plea of guilty as unimportant administrative matters which busy judges may delegate to others." The majority repeats the language with the addition of the word "entirely" so that the majority's sentence reads "[W]e decline to treat judicial decisions involving the grant or denial of probation after a plea of guilty as unimportant administrative

matters which busy judges may delegate *entirely* to others." [Emphasis added].

Thus, I read the majority's opinion to imply that the Constitution of the State of Texas would not be violated if at the end of the day a district judge alone in his office, seats himself at his desk, picks up his pen, places his signature upon each of a stack of incorrect judgments in the form shown on this record but with a sentence denying probation, hands those executed forms to his clerk and thereby denies probation. In my view that is a "rubber stamp" judicial system which is not permitted under the Constitution of this state. I cannot accept a magistrate system in which district judges are permitted to "sign off" on their judicial powers exercised by a number of court appointed surrogates. Such a system is one in which district courts create other district courts and appoint the judges of those courts. If that is the interpretation to be made of TEX.REV.CIV.STAT.ANN. art. 1918c (Vernon Supp.1982–1983), then it is unconstitutional on its face under Article V, §§ 1, 7 and 8 of the Constitution of Texas.

I recognize and sympathize with the Legislature's desire to alleviate the overwhelming pressures on the criminal justice system and at the same time reduce the growing cost of a judicial system that must dispose of the ever increasing number of criminal cases. Constitutional provisions for the exercise of this State's judicial power, however, cannot be sacrificed to social and economic expediency. Thus, my views are as expressed in this concurring opinion and on appendix "A" attached.

APPENDIX A

The State's motion for rehearing is granted. The State correctly points out an error in our former opinion in which we place within quotation marks certain language attributed to the State's brief. Our former opinion is withdrawn and the following is now our opinion.

Appellant appeals a conviction for theft for which the court assessed punishment at 180 days in jail pursuant to a negotiated

plea bargain agreement. All proceedings were held before a magistrate appointed pursuant to TEX.REV.CIV.STAT.ANN. art. 1918c (Vernon Supp.1982–1983). Under TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979), the trial court granted appellant permission to appeal. In her sole ground of error appellant contends that "the tribunal which conducted the hearing and entered judgment against appellant in the pending cause was improperly constituted in violation of the Constitution of the State of Texas." Because appellant's application for probation was heard and denied solely by a magistrate appointed under Article 1918c, we conclude that Article 1918c is unconstitutional as applied in the present case. Accordingly, we reverse and remand.

Appellant was initially indicted for the felony offense of theft of property of a value of at least $200.00 but less than $10,000.00. The indictment was filed October 20, 1981, and returned to Criminal District Court No. 4 of Dallas County, and thereafter duly transferred to the Criminal District Court of Dallas County. Thus, the Criminal District Court of Dallas County had jurisdiction over the case pursuant to Article V, Section 8 of the Constitution of the State of Texas. Effective October 1, 1981, the Criminal District Court of Dallas County entered a general order of referral "to the Magistrate's Court of Dallas County, Texas" pursuant to Article 1918c. That order reads:

IT IS HEREBY ORDERED that all cases which have been indicted, or have had such indictment duly waived by the defendant, and assigned to this Court are hereby referred to the Magistrate's Court of Dallas County, Texas pursuant to Art. 1918c V.A.C.S., for the following proceedings:

(1) Negotiated pleas of guilty before the Court, and the Magistrate shall exercise all of the powers enumerated in Art. 1918c V.A.C.S. as may be deemed necessary and proper by such Magistrate, and in addition, the Court deems that it is necessary and proper for the efficient performance of the duties herein re-

quired that such Magistrate be, and is hereby, authorized to:

(a) render a judgment in such plea;

(b) sentence the defendant;

(c) provide for such conditions of probation, including restitution, as may be deemed appropriate by the Magistrate, if applicable;

(d) approve such waivers or documents as might be appropriate; and

(e) sign on behalf of the Court and cause to be delivered to defendant the Condition of Probation, if applicable.

(2) Agreed probation revocations, and the Magistrate shall exercise all of the powers enumerated in 1918c V.A.C.S. as may be deemed necessary and proper by such Magistrate, and in addition, the Court deems that it is necessary and proper for the efficient performance of the duties herein required that such Magistrate be, and is hereby, authorized to:

(a) make a finding as to whether such probation is revoked;

(b) authorize bonds if such hearing is continued;

(c) change the conditions of probation;

(d) reduce the sentence of the defendant pursuant to an agreement;

(e) sentence the defendant;

(f) approve such waivers or documents as might be appropriate; and

(g) sign on behalf of the Court the Order Revoking Probation.

(3) Such other hearings and matters as may be determined by the Court and not prohibited by law, including, but not limited to, hearings on bond forfeitures.

(4) The Court may, under this general order of referral, execute, by original or facsimile signature, additional Orders of Referral to said Magistrate's Court as to specific causes and directing that said Magistrate's Court report only on specific issues, do particular acts, or receive and report on evidence only.

(5) Each Magistrate is hereby empowered, in my place and stead, to take acknowledgements and file said documents as are required to be filed by the District

Clerk of Dallas County, Texas, as may be necessary to accomplish the purposes hereinabove set forth.

Notwithstanding the foregoing, the Court shall maintain control and authority over all causes covered by this Order unless and until the same is delivered to the Magistrate's Court for action by said Magistrate's Court.

The magistrate called the present case to trial on April 2, 1982. At that time the State moved to reduce the offense to the lesser included offense of theft of property of a value of more than $20.00 but less than $200.00, a misdemeanor. The State's motion was granted and approved by the magistrate. Prior to the taking of the plea, appellant executed a waiver of her right to trial by jury which was consented to and approved by the magistrate. Appellant signed a judicial confession in which she waived the appearance, confrontation and cross-examination of witnesses and consented to the introduction of testimony orally, by affidavits, by written statements of witnesses and by other documentary evidence. The magistrate signed an order approving appellant's waiver, consent and judicial confession. The plea bargain agreement provided that in return for a plea of guilty appellant would receive a sentence of confinement in the Dallas County Jail of 180 days for a misdemeanor with the right to serve the jail confinement on the weekends. Appellant applied for probation. The magistrate signed an order convicting appellant, assessing a punishment of 180 days confinement in the Dallas County Jail and denying appellant's application for probation. The magistrate also signed an order directing appellant to serve the jail confinement on consecutive weekends. The judge of the Criminal District Court of Dallas County, on the same day, signed the final judgment. That judgment reads:

The Defendant having been indicted in the above entitled and numbered cause for the felony offense of Theft of property of the value of $200 or more but less than $10,000, a Third-Degree Felony, as charged in the indictment.

and this cause being this day called, the State appeared by her assistant Criminal District Attorney Charlie Mitchell, and the Defendant Carolyn Kate Kelley, appeared in person and his counsel Robert Cady, also being present and both parties announced ready and the Defendant in person and in writing in open Court having waived his right of trial by jury, such waiver being the consent and approval of the Court and now entered of record on the minutes of the Court and such waiver being with the consent and approval of the Criminal District Attorney of Dallas County, Texas, in writing, signed by him, and filed in the papers of this cause before the Defendant entered his plea herein, the Defendant was duly arraigned and in open Court pleaded guilty to the charge contained in the indictment; thereupon the Defendant was admonished by the Court of the consequences of the said plea and the Defendant persisted in entering said plea, and it plainly appearing to the Court that the Defendant is mentally competent and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting him to confess his guilt, the said plea was accepted by the Court and is now entered of record as the plea herein of the Defendant. The Defendant in open Court, in writing, having waived the reading of the indictment, the appearance, confrontation, and cross-examination of witnesses, and agreed that the evidence may be stipulated and consented to the introduction of testimony by affidavits, written statements of witnesses and any other documentary evidence, and such waiver and consent having been approved by the Court in writing and filed in the papers of the cause; and, the Court having, heard the Defendant's waiver of the reading of the indictment, the Defendant's plea thereto, the evidence submitted, and the argument of counsel, is of the opinion from the evidence submitted that the Defendant is guilty as charged.

IT IS THEREFORE ADJUDGED BY THE COURT, that the said Defendant is guilty of the offense of Theft of property of the value of $20 or more but less than $200, a Class "A" Misdemeanor, as included in the indictment.**

as found by the Court, that the said Defendant committed said offense on the 14th day of September, 1981, that the punishment is hereby assessed at 180 Days confinement in the County Jail of Dallas County, Texas, that the Defendant be punished in accordance with same and that the State of Texas do have and recover of the said Defendant all costs in this prosecution expended, for which execution will issue.

THEREUPON the said Defendant was asked by the Court whether he had anything to say why said sentence should not be pronounced against him, and he answered nothing in bar thereof, and it appearing to the Court that the Defendant is mentally competent and understanding of the English language, the Court proceeded in the presence of said Defendant, his counsel also being present, to pronounce sentence against him, as follows:

IT IS THE ORDER OF THE COURT that said Defendant, who has been adjudged to be guilty of Theft of property of the value of $20 or more but less than $200, a Class "A" Misdemeanor, as included in the indictment.**

and whose punishment has been assessed by the Court at confinement in the County Jail of Dallas County, Texas, for 180 Days be confined by the Sheriff of Dallas County, Texas, immediately, in said County Jail of Dallas County for 180 Days,, [sic] and court costs of $68.00 in accordance with the provisions of the law of said State, and the said Defendant is remanded to jail until said Sheriff can obey the direction of this sentence.

It is further ADJUDGED and DECREED by this Court that the sentence pronounced herein shall begin this date, and that the Defendant is granted credit for time served beginning on date of 4/16/82—Defendant to Serve Time on Consecutive Weekends.

---

** Upon Motion of the District Attorney is permitted to try this case on the lesser included felony of: Theft of property of the value of $20 or more but less than $200, a Class "A" Misdemeanor, as included in the indictment.

It is noteworthy that the judgment fails to mention the hearing and denial of appellant's application for probation. Also, it is noteworthy that the judgment incorrectly describes certain events as having occurred before the judge of the Criminal District Court of Dallas County. It is obvious from the record that such described events actually took place, not before the judge of that court, but before a magistrate.

With the description of the proceedings below before us, we consider first whether a magistrate appointed pursuant to Article 1918c is a court or only a surrogate for a district court.

A court is an instrumentality of sovereignty, the repository of its judicial power, with authority to adjudge as to the rights of person or property between adversaries. The presence of a judge or judges is necessary as an essential element of a court. A "court" was defined by Bacon to be "an incorporeal being, which requires for its existence the presence of the judges or a competent number of them."

*Mengel Box Co. v. Fowlkes*, 135 Tenn. 202, 186 S.W. 91, 92 (1916). We conclude that the State of Texas, as sovereign, has placed none of its judicial power, with authority to adjudge as to the rights of person or property between adversaries, in magistrates appointed pursuant to Article 1918c. The State of Texas, as sovereign, created district courts, and provided for judges of those courts, in Article V, Sections 1 and 7 of its Constitution and placed its judicial power in all criminal cases of the grade of felony in those district courts. TEX. CONST. art. V, § 8. Accordingly, we hold that magistrates appointed pursuant to Article 1918c are neither courts nor judges, but only individuals possessed of certain qualifications appointed to perform certain duties for instrumentalities of the State of

Texas that are, indeed, true courts. Accordingly, we conclude, contrary to the wording of the general order of referral, that Article 1918c does not create a "Magistrate's Court of Dallas County, Texas." We conclude further that the magistrate is no more than a surrogate for the district court. The State concedes as much for it tells us in its brief that "the magistrates of Dallas County are agents of the district judges, but are not themselves judges, or nor has art. 1918c created a statutory court. All art. 1918c does is authorize a procedure whereby the duly constituted district court judges may dispose of certain matters before them." The question then arises as to what the magistrate can and cannot do for the duly constituted district court in the present case.

To dispose of this appeal, we need consider only the authority of the magistrate to decide whether appellant should be placed on probation. Article 1918c permits referral to the surrogate as follows:

Sec. 4. (a) The judge of a court having a magistrate appointed as provided by this Act may refer to the magistrate any criminal case for proceedings involving:

(1) negotiated pleas of guilty before the court;

(2) bond forfeitures;

(3) pretrial motions;

(4) postconviction writs of habeas corpus;

(5) conducting examining trials;

(6) any other matters that the judge deems necessary and proper, except as otherwise provided by Subsection (b) of this section.

(b) In no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a trial on the merits, either with or without a jury.

(c) To refer a case to a magistrate, the judge shall issue an order of referral specifying the duties of the magistrate. Following referral:

Sec. 5. (a) Except as provided by Subsections (b) and (c) of this section, a magistrate to whom a case is referred may:

(1) conduct hearings;

(2) hear evidence;

(3) compel the production of relevant evidence;

(4) rule on the admissibility of evidence;

(5) issue summons for the appearance of witnesses;

(6) examine witnesses;

(7) swear witnesses for the hearing;

(8) make findings of fact on the evidence;

(9) formulate conclusions of law;

(10) rule on pretrial motions;

(11) recommend the rulings, orders or judgment to be made in the case;

(12) regulate all proceedings in a hearing before the magistrates; and

(13) do all acts and take all measures necessary and proper for the efficient performance of the duties required in the order of referral.

(b) The order of referral may limit the powers of the magistrate and direct the magistrate to report only on specific issues, do particular acts, or receive and report on evidence only. The order may set the time and place for the hearing, prescribe a closing date for the hearing, and provide for a date for the filing of the magistrate's findings.

(c) A magistrate appointed under this Act to whom a case is referred may not enter a ruling on any issue of law or fact of which the determination thereon could result in dismissal or require the dismissal of a pending criminal prosecution. A magistrate may, however, make findings, conclusions, and recommendations on such issues, within the scope of the order of referral.

From the date the indictment was filed until he signed the judgment, the judge of the Criminal District Court of Dallas County was an absent figure in the disposition of the present case. Clearly, the Criminal District Court of Dallas County intended to have nothing more to do with the present case once it was referred to the "Magistrate's Court" because the general order of referral provided that the Criminal District

Court of Dallas County maintains control and authority over the case *"unless and until* the same is delivered to the Magistrate's Court for action by said Magistrate's Court." [Emphasis added]. Thus, the Criminal District Court of Dallas County treated the present case as though it had been referred to another court for final disposition. The State admits as much when it tells us in its brief, "all actions with regard to the hearing of this cause were conducted by the Magistrate." One of those actions was the decision not to place appellant on probation.

After a plea of guilty, judges of courts having original jurisdiction of criminal cases, where the punishment assessed is by confinement in jail or by fine or by both, may place the defendant on probation "when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public as well as the defendant will be subserved thereby...." TEX.CODE CRIM.PROC.ANN. art. 42.13, § 3 (Vernon Supp.1982–1983). The question then arises whether judicial decisions involving "the ends of justice," and "the best interests of the public" and the "best interests ... of the defendant" required by Article 42.13 § 3 may be made by a surrogate. We conclude that judicial decisions involving "the ends of justice" and "the best interests of the public" and "the best interests ... of the defendant" required by Article 42.13 § 3 cannot be left to a surrogate under the Constitution of the State of Texas. Article V, Section 1 of the Constitution of Texas provides:

> The judicial power of this State shall be vested in one Supreme Court, in one Court of Criminal Appeals, in Courts of Appeals, in District Courts, in County Courts, in Commissioners Courts, in Courts of Justices of the Peace, and in such other courts as may be provided by law.
> The Legislature may establish such other courts as it may deem necessary

and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto.

Article V, Section 7, of that Constitution provides for the creation of judicial districts and for the election of judges for those district courts. Article V, Section 8 of that Constitution provides that "[t]he District Court shall have original jurisdiction in all criminal cases of the grade of felony." We decline to treat judicial decisions involving the grant or denial of probation after a plea of guilty as unimportant administrative matters which busy judges may delegate to others. We conclude that when the Constitution of the State of Texas created district courts and vested jurisdiction of the present case in one of those courts, that Constitution requires that the person occupying the office of judge of that court—and not a surrogate appointed by that judge—make the judicial decisions involving "the ends of justice" and "the best interests of the public" and "the best interests ... of the defendant" required by Article 42.13 § 3. Accordingly, we hold that under the Constitution of the State of Texas only the judge of the Criminal District Court of Dallas County held the judicial power of the State of Texas to determine whether appellant should be placed on probation pursuant to Article 42.13 § 3 and that this judicial power cannot be delegated to a surrogate. By virtue of the trial court's application of Article 1918c appellant has been denied probation, but not by the officer holding the judicial power of the State of Texas to deny probation. We hold, therefore, that Article 1918c is unconstitutional as applied in the present case.[1] Thus we conclude that the tribunal which conducted appellant's hearing and denied her probation was improperly constituted in violation of the Constitution of the State of Texas. For such reason, appellant's sole ground of error must be sustained.

---

**1.** In its motion for rehearing the State asserts: "The panel opinion held the Magistrate Act unconstitutional 'as applied'. There is no such principle in the Texas law." [Emphasis in original]. We disagree. The savings clause of Article 1918c, § 9, reads in pertinent part: "If ... the *application* [of this Act] to any person, situation, or circumstances is held to be invalid or unconstitutional, ..." [Emphasis ours].

In view of our holding in the present case, we do not reach the question of whether Article 1918c is unconstitutional on its face, nor do we reach the myriad of other questions that will arise in the application of the statute. TEX.CODE CRIM. PROC.ANN. art. 26.13 (Vernon Supp.1982–1983) imposes the duty on the trial court to admonish the felony defendant in certain particulars and to determine that the felony defendant is mentally competent and the plea free and voluntary. These provisions do not apply to misdemeanors. *Empy v. State*, 571 S.W.2d 526, 529 (Tex. Cr.App.1978). Therefore, in view of the reduction of the offense to a misdemeanor in the present case, we do not reach the question whether Article 1918c would be unconstitutional as applied in the event a magistrate accepts a plea of guilty in a felony case. Our decision in the present case is based solely on our conclusion that under the Constitution of the State of Texas only the judge of the Criminal District Court of Dallas County held the judicial power of the State of Texas to determine whether appellant should be placed on probation pursuant to Article 42.13 § 3 and that this judicial power cannot be delegated to surrogate.

Reversed and remanded.