**Ex parte Clint Warren HOWARD.**

**No. 69,167.**

Court of Criminal Appeals of Texas,
En Banc.

Feb. 27, 1985.

James P. Finstrom, Garland, for appellant.

Henry M. Wade, Dist. Atty., and R.K. Weaver, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

W.C. DAVIS, Judge.

This is an application for post-conviction writ of habeas corpus pursuant to Art. 11.07, V.A.C.C.P.

Applicant was convicted of burglary of a building. Pursuant to a plea bargain, adjudication was deferred and applicant was placed on probation. During the probation, applicant was accused of aggravated robbery. Pursuant to a second plea bargain, applicant pled "guilty" to the robbery and "true" to the allegations in the State's motion to revoke the unadjudicated probation. No punishment recommendation was to be made by the State, but the terms of the two offenses were to run concurrently.[1] The court assessed punishment in each case at 12 years' confinement.

Applicant brings us four contentions related to the burglary conviction, but we granted leave to file in order to address only two of them.

■ Applicant contends that he was denied the right to appeal the judgment of conviction for burglary; and so he was.

---

1. The bargain, as understood by the parties and the court, effectively limited the maximum time for the aggravated robbery conviction (normally life or 99 years) to the 20 year maximum for burglary of a building, a second-degree felony.

Applicant pled guilty in the cause pursuant to a plea bargain;[2] his right to appeal as thus limited to those complaints brought forth by pre-trial motions of which there were none, and those matters for which the court gave its permission to appeal. Art. 44.02, V.A.C.C.P. To the extent he wishes to appeal the decision to proceed to adjudication, he is barred by Art. 42.12, V.A.C.C.P., Sec. 3d(b). That section provides that, upon proceeding to adjudication, appeal proceeds as if adjudication had not been deferred. If adjudication had not been deferred, applicant would have had to seek permission to appeal in the instant case. The court would have been authorized to deny the right to appeal; we see no reason it could not do so in the instant case.

▓ Applicant's final contention is that the use of a magistrate to accept applicant's plea to the motion seeking adjudication, and his judicial confession to the probation violations alleged was in violation of Art. 1918c, V.A.T.S., Sec. 4(b), which states:

> In no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a trial on the merits, either with or without a jury.

Art. 1918c, V.A.T.S., Sec. 4(a) provides:

> The judge of a court having a magistrate appointed as provided by this Act may refer to the magistrate any criminal case for proceedings involving:
>
> (1) negotiated pleas of guilty before the court;
>
> (2) bond forfeitures;
>
> (3) pretrial motions;
>
> (4) post conviction writs of habeas corpus;
>
> (5) conducting examining trials;
>
> (6) any other matters that the judge deems necessary and proper, except as otherwise provided by Subsection (b) of this section.

Sections 5(a)–5(c) and 7(a)–7(c) of the same article provide:

> 5. (a) Except as provided by Subsections (b) and (c) of this section, a magistrate to whom a case is referred may:
>
> (1) conduct hearings;
>
> (2) hear evidence;
>
> (3) compel the production of relevant evidence;
>
> (4) rule on the admissibility of evidence;
>
> (5) issue summons for the appearance of witnesses;
>
> (6) examine witnesses;
>
> (7) swear witnesses for the hearing;
>
> (8) make findings of fact on the evidence;
>
> (9) formulate conclusions of law;
>
> (10) rule on pretrial motions;
>
> (11) recommend the rulings, orders, or judgment to be made in the case;
>
> (12) regulate all proceedings in a hearing before the magistrates; and
>
> (13) do all acts and take all measures necessary and proper for the efficient performance of the duties required in the order of referral.
>
> (b) The order of referral may limit the powers of the magistrate and direct the magistrate to report only on specific issues, do particular acts, or receive and report on evidence only. The order may set the time and place for the hearing, prescribe a closing date for the hearing, and provide for a date for the filing of the magistrate's findings.
>
> (c) A magistrate appointed under this Act to whom a case is referred may not enter a ruling on any issue of law or fact of which the determination thereon could result in dismissal or require the dismissal of a pending criminal prosecution. A magistrate may, however, make findings, conclusions, and recommendations on such issues, within the scope of the order of referral.
>
> ....
>
> 7. (a) On the conclusion of the proceedings, the magistrate shall transmit to the referring court all papers relating to the

---

**2.** It should be kept in mind that his plea of "true" to the allegations of the motion to pro-

ceed to adjudication was also made pursuant to a plea bargain.

cases involved, together with the findings, conclusions, orders, recommendations, or other actions taken.

(b) The referring court may modify, correct, reject, or reverse any action taken by the magistrate, or recommit it for further information, as the court may deem proper and necessary in the particular circumstances of the case.

(c) If no modification, correction, rejection, reversal, or recommittal is made by the referring court, the actions taken by the magistrate become the decree of the court.

In the instant case, the magistrate took applicant's plea and judicial confession, and proposed a judgment which was adopted by the court pursuant to Sec. 7(c).

Applicant insists that the magistrate's actions in receiving his plea and confession were tantamount to presiding over a trial upon the merits, which is specifically prohibited by Sec. 4(b). But what the magistrate did was no more than would have been done in accepting a negotiated plea before the court pursuant to Sec. 4(a)(1), and we hold that a hearing to proceed to adjudication is one of the other matters contemplated by Sec. 4(a)(6). Where, as here, the judgment of the court is an independent action of the court and the magistrate's role is limited to advisory and fact-finding functions as provided by Art. 1918c, we see no error in permitting the magistrate to preside over the hearing to proceed to adjudication.

The relief sought is denied.

ONION, P.J., dissents.

TEAGUE, Judge, concurring and dissenting.

This is a post-conviction application for writ of habeas corpus filed on behalf of Clint Warren Howard, applicant. See Art. 11.07, V.A.C.C.P. Howard is the same defendant as the one in *Howard v. State*, our no. 0291–84, which case is pending before this Court on appellant's petition for discretionary review. This Court has granted Howard's petition for discretionary review in order to review the decision of the Dallas Court of Appeals that held that because a magistrate was used in that cause, pursuant to Art. 1918c, V.A.C.S., that this did not, standing alone, void the applicant's conviction in that cause. See *Howard v. State*, 667 S.W.2d 265 (Tex.App.—Dallas 1984). Over my objection, the majority of this Court refuses to consolidate these two causes for review purposes, even though they contain one central issue, namely, whether Art. 1918c, V.A.C.S., the Dallas Magistrate's Act, is unconstitutional, either in general or as applied. To the action of the majority in refusing to consolidate these causes, I respectfully dissent. I also dissent to the majority's refusal to discuss whether the statute in general is constitutional.

The general validity of Art. 1918c, supra, is also before this Court in petitions for discretionary review that have been granted in *Jones v. State*, our number 428–84, (State's petition for discretionary review was granted on October 10, 1984); *Henry v. State*, our number 707–84, (Appellant's petition for discretionary review was granted on November 7, 1984); and *Scott v. State*, our number 502–84, (State's petition for discretionary review was granted on November 7, 1984).

Because I am a firm believer that piecemeal litigation is the antithesis of judicial economy, and does not gain respect from members of the Bench and Bar of this State, I also dissent to the failure of this Court to consolidate all of these cases and decide the issue, whether Art. 1918c, supra, is in general a valid statute.

In *Kelley v. State*, 676 S.W.2d 104 (Tex. Cr.App.1984), this Court reversed the decision of the Dallas Court of Appeals that had held that the actions of a Dallas County Magistrate, who was acting pursuant to Art. 1918c, supra, and who had conducted the defendant's hearing and denied his application for probation, was in violation of the Constitution of the State of Texas. See *Kelley v. State*, 669 S.W.2d 329 (Tex.App. —Dallas 1983). The majority of this Court, in our *Kelley v. State*, supra, implicitly held

that as long as what is presented to a magistrate does not involve contested issues, and as long as the record reflects that the regular district court judge approved what the magistrate had done, then, as applied, the statute is not unconstitutional.

In this instance, a majority of this Court, implicitly adopting what the majority of this Court held in our *Kelley,* supra, holds that "what the magistrate did was no more than would have been done in accepting a negotiated plea before the court pursuant to Section 4(a)(1), and we hold that a hearing to proceed to adjudication is one of the other matters contemplated by Section 4(a)(6). Where, as here, the judgment of the court is an independent action of the court and the magistrate's role is limited to advisory and fact-finding functions as provided by Art. 1918c, we see no error in permitting the magistrate to preside over the hearing to proceed to adjudication."

Howard asserts the following, inter alia, in his writ application: "(2) Petitioner was tried by a court without jurisdiction and in violation of Article 1918c, V.A.C.S. in that the evidence which was adduced in support of the State's motion to adjudicate his conviction was heard without agreement on the part of the Petitioner before an appointed magistrate and not before a district judge in violation of the State of Texas Constitution and Article 1918c, Sections 4(b) and (c). Petitioner was denied his right to trial before a duly qualified judge of this State. In this regard, Petitioner would show that his adjudication was a trial on the merits on the issue of punishment and that no plea bargain agreement affected the punishment assessed by the court."

The record in this cause reflects that on September 4, 1981, Howard, the applicant, pursuant to a plea bargain agreement, entered a plea of guilty to committing the offense of burglary of a building. See V.T.C.A., Penal Code, Section 30.02(a)(1). Hon. Kelley Loving, the duly elected judge of the 282nd Judicial District Court of Dallas County, presided. Thereafter, Judge

Loving, acting pursuant to Art. 42.12, Section 3d(a), V.A.C.C.P., which statute has been held by this Court to be constitutional, see *McNew v. State,* 608 S.W.2d 166 (Tex. Cr.App.1980), deferred further proceedings without an adjudication of guilt, and placed applicant on probation for a period of three (3) years.

The record does not reflect that within thirty (30) days after applicant entered his plea of guilty, and after Judge Loving deferred further proceedings, that applicant requested Judge Loving adjudicate his guilt. See Art. 42.12, Sec. 3d(a), supra. Thus, from a legal standpoint, the matter temporarily became final. At that time, applicant had not been convicted of the charge to which he had pled guilty. See *Ex parte Shillings,* 641 S.W.2d 538 (Tex.Cr. App.1982).

Notwithstanding that there is no appeal from an order deferring the adjudication of defendant's guilt, see *McDougal v. State,* 610 S.W.2d 509 (Tex.Cr.App.1981), nevertheless, "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal continue as if the adjudication of guilt had not been deferred." Art. 42.12, Sec. 3d(b), V.A.C.C.P.

On September 1, 1982, the State filed a motion to proceed with an adjudication of guilt. On September 7, 1982, pursuant to the State's Motion to Adjudicate, applicant entered a plea of "true" to the State's motion to adjudicate before Hon. John Ellis, who was then acting as a magistrate pursuant to Art. 1918c, supra. Magistrate Ellis granted the State's motion to adjudicate and adjudicated the applicant's guilt by finding him guilty. However, Judge Loving, not Magistrate Ellis, assessed applicant's punishment at twelve (12) years' confinement in the penitentiary.

Applicant did not appeal.

In a sworn post-conviction application for writ of habeas corpus filed in our cause number 69,167 by the Hon. James Finstrom, a Garland attorney, it was alleged, inter alia, that the proceedings that related

to the adjudication of the deferred plea of guilty before Magistrate Ellis were void because, inter alia, "Petitioner was tried by a court without jurisdiction and in violation of Article 1918c, V.A.T.S., in that the evidence which was adduced in support of the State's motion to adjudicate his conviction was heard without agreement on the part of petitioner before an appointed magistrate and not before a district judge in violation of the Constitution of the State of Texas and Article 1918c, Sections 4(b) and (c). Petitioner was denied his right to trial before a duly qualified judge of this State. In this regard, Petitioner would show that his adjudication was a trial on the merits on the issue of punishment and that no plea bargain agreement affected the punishment assessed by the court."

The trial court, after finding that the State's brief that was filed by the District Attorney in *Kelley v. State,* 669 S.W.2d 329 (Tex.App.—Dallas, 1983), was persuasive, and further finding that "All that the Magistrate did with respect to the proceeding was to hear the plea [of true] and find that the evidence supported the State's motion to proceed to adjudication of guilt," rejected the applicant's contention that the adjudication proceedings conducted by Magistrate Ellis were void, and recommended that applicant not be granted any relief.

When a defendant has had his guilt deferred, and he does not personally move to have his guilt adjudicated within thirty (30) days, and the State thereafter moves to adjudicate his guilt, what this means legally is that although the defendant might have at sometime in the past entered a plea of guilty or nolo contendere, he is then before the court only to have his guilt adjudicated and punishment assessed, as if the deferred adjudication had never occurred. There is no punishment hearing as provided for by the provisions of Art. 37.-07, V.A.C.C.P. Also see *McDougal v. State,* 610 S.W.2d 509 (Tex.Cr.App.1981) (Teague, J., Dissenting Opinion).

It is true that Magistrate Ellis accepted the applicant's plea of true to the State's motion to adjudicate, that he found that the evidence supported the State's Motion to Proceed to Adjudication of Guilt, and further found applicant guilty, "as charged in the indictment." This occurred without objection and by agreement of applicant.

In this instance, as to the original proceedings, Judge Loving heard the evidence and found as a fact that the evidence substantiated applicant's guilt, a finding required by Art. 42.12, Section 3d(a), supra. Thus, Magistrate Ellis' decision to proceed to an adjudication of guilt was not predicated upon, or even concerned with, the evidence pertinent to applicant's guilt; that evidence had already been heard, evaluated and found sufficient by Judge Loving. However, what Magistrate Ellis was deciding was whether applicant should be permitted to remain in an unadjudicated status or incur the numerous stigmas of a formal adjudication. The magistrate's decision was grounded on activities by applicant after Judge Loving had found that he had committed the offense with which he was initially charged.

Art. 42.12, Sec. 3d, supra, provides that if a defendant who has been placed on "deferred probation" is alleged to have violated the terms or conditions of his probation, he "may be arrested and detained as provided in Section 8 of this Article." Section 8 provides what "the court" might do. Recently, in *Kelley v. State,* supra, this Court stated and held the following: "The Court of Appeals found that, contrary to the appellant's claim, Art. 1918c did not create 'courts' with independent jurisdiction, but simply authorized a procedure whereby magistrates, acting as surrogates and not judges, are appointed to assist the district court judges in certain limited matters. We agree with the Court of Appeals on this issue."

A proceeding to revoke probation is not a "trial," as that term is used and contemplated by the Constitution in regard to criminal cases. *Lynch v. State,* 159 Tex. Cr.R. 267, 263 S.W.2d 158 (1953). Also see *Cross v. State,* 586 S.W.2d 478 (Tex.Cr. App.1979); *Branch v. State,* 465 S.W.2d 160 (Tex.Cr.App.1971); *Wilson v. State,*

156 Tex.Cr.R. 228, 240 S.W.2d 774 (1951). In the latter case, this Court stated the following: "The convict surrenders no right, privilege, or consideration for the clemency extended. In accepting the clemency, he does so under the conditions upon which it is extended. Obviously, therefore, the proceeding to revoke probation is not a trial, as that term is used and contemplated by the Constitution in reference to criminal cases, and is not a proceeding required to be conducted as such a trial." (776).

I agree with the majority that a hearing on a State's motion to adjudicate is not "a trial on the merits."

Under our present law, see Art. 42.12, supra, if a defendant has been placed on "regular" adult probation, but at a later date the probation is ordered revoked by the trial court, the defendant would then be required to serve his sentence in the penitentiary, subject, of course, to his right to appeal the order revoking his probation. The review by an appellate court of an order revoking a defendant's probation is limited to a determination of the question whether the trial judge abused his discretion in revoking the order granting probation. *Lynch v. State*, supra.

However, when it comes to adjudicating the defendant's guilt, when the proceedings have been deferred, the effect of adjudicating the defendant's guilt is not the same as when a defendant's probation has been revoked, because even though the defendant's guilt is adjudicated, the trial court is still permitted to place the defendant on "regular" adult probation, provided the punishment assessed does not exceed ten (10) years, whereas if the defendant's probation is ordered revoked, the trial court must sentence the defendant to serve his sentence in the penitentiary.

Although this Court has yet to expressly state that there is no difference between the rights a defendant might have regarding a revocation proceeding and the rights a defendant might have when confronted with a motion to adjudicate, it would appear that there is no meaningful distinction between the two.

The majority states that there was a plea bargain agreement in this cause. However, this statement is only true to a certain extent. The State did agree that the punishment that would ultimately be assessed would be identical and would run concurrently with the punishment that would ultimately be assessed in applicant's companion case. Assuming that this constituted a "plea bargain agreement," nevertheless, what everyone has overlooked is that this did not implicate a "negotiated plea of guilty," for the simple reason that in this cause applicant had already entered a plea of guilty and the only issue that was before the trial court as a result of the State's motion to adjudicate being filed was whether the trial court should adjudicate applicant's guilt and find him guilty. Even assuming that the magistrate had the lawful authority under Art. 1918c, supra, to hold a hearing on the State's motion to adjudicate, the one thing that everyone has overlooked is that once the decision to adjudicate was approved by the trial judge, the trial judge, contrary to a decision to order a defendant's probation revoked, still had the option of placing the applicant on "regular" probation, and not causing him to serve his sentence in the penitentiary, provided, that any punishment assessed did not exceed ten (10) years. Art. 42.12, supra. Although the record is silent whether applicant or his attorney urged the trial court not to assess the punishment at more than ten (10) years and to place applicant on "regular" probation, in light of the fact that the trial judge assessed punishment at twelve (12) years, it is clear that he implicitly rejected such argument, if it was made. Furthermore, as this is a collateral attack upon the proceedings before the magistrate, whether the trial judge did or did not consider the permissible alternative punishment, in this instance, such is without meaning.

Therefore, in light of this Court's decision in *Kelley v. State*, supra, the majority correctly rules against applicant on the issue of whether the magistrate was autho-

rized to conduct a hearing on the State's motion to adjudicate the applicant's guilt.

As previously noted, applicant also attacks the constitutionality of Art. 1918c, supra, asserting that the statute is in violation of provisions of the Texas Constitution. See Art. 5, Section 1, Texas Constitution. Also see *Kelley v. State*, supra, (Teague, J., Dissenting Opinion.)

It is, of course, true that an appellate court will not address the constitutionality of a statute unless it is necessary to determine the case. *Ex parte Salfen*, 618 S.W.2d 766 (Tex.Cr.App.1981). Thus, in this instance, in light of the above, it is necessary that this Court make the determination whether the statute is constitutionally valid. Because the majority refuses to discuss the issue, I dissent.

Having given the matter a great deal of thought, I would hold that because the statute does not create "courts," because the statute specifically limits the powers of the magistrates, because the statute clearly prohibits the magistrates from hearing contested matters, and because the statute prohibits the magistrates from performing ultimate judicial functions, I would vote to hold the statute constitutional. As to the validity of any act performed by a magistrate, I would decide that issue on an ad hoc basis.

For the above reasons, I respectfully dissent.