IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-408-CR




GEORGE GARY,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0921562, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 Appellant pleaded guilty to burglary of a habitation. Tex. Penal Code Ann.
§ 30.02 (West 1989). After finding that the evidence substantiated appellant's guilt, the district
court deferred adjudication and placed appellant on probation. The State subsequently filed a
motion to adjudicate. On the recommendation of the magistrate to whom the matter was referred,
appellant's probation was revoked and he was adjudged guilty, punishment was assessed at
imprisonment for thirty years, and sentence was imposed. 

 Travis County criminal law magistrates may not preside over a contested trial on
the merits. Tex. Gov't Code Ann. § 54.976(b) (West Supp. 1994). Appellant contends the
magistrate to whom the motion to adjudicate was referred by the district court did not have
jurisdiction because the hearing on the motion was a contested trial on the merits. This contention
has been considered and rejected by the Court of Criminal Appeals in a case arising out of Dallas
County and interpreting a statute identical in all pertinent respects to that at issue in this cause. 
Ex parte Howard, 685 S.W.2d 672 (Tex. Crim. App. 1985). The court stated:

 Applicant insists that the magistrate's actions in receiving his plea and
confession [at the hearing on the motion to adjudicate] were tantamount to
presiding over a trial upon the merits, which is specifically prohibited by Sec.
4(b).[ (1)] But . . . we hold that a hearing to proceed to adjudication is one of the
other matters contemplated by Sec. 4(a)(6).[ (2)] Where, as here, the judgment of the
court is an independent action of the court and the magistrate's role is limited to
advisory and fact-finding functions as provided by [former] Art. 1918c, we see no
error in permitting the magistrate to preside over the hearing to proceed to
adjudication.



685 S.W.2d at 674. 

 Appellant urges that this cause is distinguishable because, unlike the defendant in
Howard, he did not plead true to the allegations in the motion to adjudicate pursuant to a plea
bargain. We find nothing in Howard to indicate that the plea bargain was critical to the holding. 
Moreover, the Court of Criminal Appeals has also rejected the argument that any proceeding
involving disputed issues between the parties is a "trial on the merits" that cannot be referred to
a magistrate. Jones v. State, 728 S.W.2d 801, 803 (Tex. Crim. App. 1987).

 A Travis County district judge may refer to a criminal law magistrate any matter
the judge considers necessary and proper. Gov't Code § 54.976(a)(9). We hold that the State's
motion to adjudicate was referable to the magistrate pursuant to section 54.976(a)(9). The hearing
on the motion was not a "contested trial on the merits" within the meaning of section 54.976(b). 
Gov't Code § 54.976(b). The magistrate had jurisdiction to consider the motion to adjudicate and
make a recommendation to the referring court. Point of error two is overruled.

 In point of error one, appellant contends the district court erred by adjudicating him
guilty without first reviewing the findings and recommendations of the magistrate. The judgment
was signed on July 27, 1993. The magistrate's written findings, conclusions, and
recommendations were signed by the magistrate August 2, 1993, and the district court's order
adopting them was signed the same day. From this, appellant concludes that the district court did
not perform its mandatory review of the magistrate's actions. Omura v. State, 730 S.W.2d 766
(Tex. App.--Dallas 1987, pet. ref'd).

 A presumption of regularity applies to these proceedings. Kelley v. State, 676
S.W.2d 104, 108 (Tex. Crim. App. 1984); Christian v. State, 865 S.W.2d 198, 202 (Tex.
App.--Dallas 1993, pet. ref'd). The hearing before the magistrate was conducted on June 1 and
15, and the magistrate orally announced its findings and recommendations on July 9, 1993. That
the magistrate's written findings and recommendations, and the district court's order adopting
them, were not signed until August 2 does not mean that the findings and recommendations were
not conveyed to and reviewed by the district court before that date. There is nothing in the record
affirmatively demonstrating that the district court did not review the magistrate's findings and
recommendations before signing the judgment on July 27. Christian, 865 S.W.2d at 202-03
(presumption of regularity applied where order placing defendant on probation was signed before
order adopting magistrate's probation recommendation). Omura, relied on by appellant, is
distinguishable because the record in that cause affirmatively showed that the magistrate made no
findings or recommendations.

 Appellant further argues that the district court must have before it a transcription
of the court reporter's notes from the magistrate's hearing in order to conduct a meaningful review
of the proceedings before the magistrate. The Dallas Court of Appeals has rejected this contention
and we find its reasoning persuasive. Allen v. State, 748 S.W.2d 16 (Tex. App.--Dallas 1988, no
pet.). In any event, appellant's failure to raise this contention in the district court waived any
error. Christian, 865 S.W.2d at 201.

 Appellant's last complaint under this point of error is that the district court adopted
the magistrate's findings and recommendations before hearing and ruling on appellant's
objections. A party has seven days after the date of the magistrate's ruling to tender to the
referring court any objections to the ruling, and the referring court must consider these objections
before taking final action. Tex. Gov't Code Ann. § 54.981(b) (West Supp. 1994). The hearing
on appellant's objections to the magistrate's findings and recommendations was held after the
adoption order and judgment were signed by the district court. At the conclusion of the hearing,
at which appellant did not complain of its timing, the court announced, "The Court is going to
overrule the objection and adopt the findings and recommendations of the Magistrate in this
matter." To the extent that the district court purported to take final action in this cause prior to
the hearing on appellant's objections to the magistrate's ruling, the court's readoption of the
findings and recommendations after hearing appellant's objections was sufficient to cure the error. 
Point of error one is overruled.

 Finally, appellant contends the evidence does not support the magistrate's finding
that appellant violated the conditions of his probation. By this point, appellant seeks to appeal the
determination to proceed with an adjudication of guilt. No appeal may be taken from that
determination. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b); Olowosuko v. State, 826 S.W.2d
940, 942 (Tex. Crim. App. 1992). Point of error three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: June 29, 1994

Publish
1. Act of June 1, 1981, 67th Leg., R.S., ch. 678, § 4(b), 1991 Tex. Gen. Laws 2546, 2547
(Tex. Rev. Civ. Stat. Ann. art. 1918c, § 4(b), since repealed and codified at Tex. Gov't Code
Ann. § 54.306(b)).
2. Act of June 1, 1981, 67th Leg., R.S., ch. 678, § 4(a)(6), 1991 Tex. Gen. Laws 2546, 2547
(Tex. Rev. Civ. Stat. Ann. art. 1918c, § 4(a)(6), since repealed and codified at Tex. Gov't Code
Ann. § 54.306(a)(6)).