COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-01-533-CR
RICKY R. CORONA           
           
           
           
           
           
        APPELLANT
V.
THE STATE OF TEXAS           
           
           
           
           
           
        STATE
------------
FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Ricky R. Corona challenges his adjudication of guilty for burglary
of a habitation following the alleged violations of his deferred adjudication
community supervision. We affirm.
On May 17, 2000, appellant pleaded guilty pursuant to a plea bargain
agreement to burglary of a habitation. The trial court placed appellant on
deferred adjudication community supervision for four years. On October 25, 2001,
the State filed its first amended petition to proceed to adjudication. On
November 19, 2001, the court adjudicated appellant guilty of burglary of a
habitation and sentenced him to two years in jail. Appellant filed a general
notice of appeal on November 21, 2001.
Appellant's court-appointed appellate counsel has filed a motion to withdraw
as counsel and a brief in support of that motion. In the brief, counsel avers
that, in his professional opinion, this appeal is frivolous. Counsel's brief and
motion meet the requirements of Anders v. California, 386 U.S. 738, 87
S. Ct. 1396 (1967), by presenting a professional evaluation of the record
demonstrating why there are no arguable grounds for relief.
Once appellant's court-appointed counsel files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent examination of the record
and to essentially re-brief the case for appellant to see if there is any
arguable ground that may be raised on appellant's behalf. Stafford v. State,
813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Additionally, this court informed
appellant that he may file a pro se brief, but he failed to file a timely brief.
The right to appeal from a negotiated plea is limited. See Vidaurri v.
State, 49 S.W.3d 880, 882-83 (Tex. Crim. App. 2001); Ex parte Howard,
685 S.W.2d 672, 673 (Tex. Crim. App. 1985). A defendant placed on deferred
adjudication may raise issues relating to the original plea proceeding only in
appeals taken when the deferred adjudication is imposed and not after guilt is
adjudicated. Vidaurri, 49 S.W.3d at 884; Manuel v. State, 994
S.W.2d 658, 661 (Tex. Crim. App. 1999). This court lacks jurisdiction to address
any potential error occurring before and up to appellant's placement on deferred
adjudication community supervision. See Vidaurri, 49 S.W.3d at 884.
Thus, the scope of this court's review in this case is limited to jurisdictional
defects, issues raised in writing and ruled on before the hearing on the
petition to proceed to adjudication, and matters on which the trial court
granted permission to appeal. Woods v. State, 68 S.W.3d 667, 669 (Tex.
Crim. App. 2002); White v. State, 61 S.W.3d 424, 427-28 (Tex. Crim.
App. 2001). In addition, the appellate court may review whether error occurred
during the punishment phase after appellant was adjudicated guilty. Vidaurri,
49 S.W.3d at 885.
Our review of the record reveals no jurisdictional defects and no issues
raised in writing and ruled on before the petition to proceed to adjudication.
The trial court also did not grant permission to appeal any issues. Finally, the
record from the punishment stage yields no reversible error, and the sentence
assessed by the trial court is within the statutorily permissible range. See
Tex. Pen. Code Ann. § § 12.33, 30.02 (Vernon 1994 & Supp. 2003). Moreover,
there is no evidence in the record indicating that appellant's trial counsel at
punishment did not provide constitutionally required effective assistance of
counsel. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct.
2052, 2064 (1984).
After independently reviewing the record, we agree with appellate counsel's
determination that any appeal from this case would be frivolous. Accordingly, we
grant appellate counsel's motion to withdraw and affirm the trial court's
judgment.
 
                                                                                   
PER CURIAM
PANEL F: DAY, J.; CAYCE, C.J.; and WALKER, J.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED: FEBRUARY 13, 2003]

1. See Tex. R. App. P. 47.4.