CORONA V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-01-533-CR

RICKY R. CORONA APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Ricky R. Corona challenges his adjudication of guilty for burglary of a habitation following the alleged violations of his deferred adjudication community supervision.  We affirm.

On May 17, 2000, appellant pleaded guilty pursuant to a plea bargain agreement to burglary of a habitation.  The trial court placed appellant on deferred adjudication community supervision for four years.  On October 25, 2001, the State filed its first amended petition to proceed to adjudication.  On November 19, 2001, the court adjudicated appellant guilty of burglary of a habitation and sentenced him to two years in jail.  Appellant filed a general notice of appeal on November 21, 2001. 

Appellant’s court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel’s brief and motion meet the requirements of 
Anders v. California
, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  

Once appellant’s court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of 
Anders
, this court is obligated to undertake an independent examination of the record and to essentially re-brief the case for appellant to see if there is any arguable ground that may be raised on appellant’s behalf.  
Stafford v. State
, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). 
 Additionally, this court informed appellant that he may file a pro se brief, but he failed to file a timely brief.

The right to appeal from a negotiated plea is limited.  
See Vidaurri v. State
, 49 S.W.3d 880, 882-83 (Tex. Crim. App. 2001); 
Ex parte Howard
, 685 S.W.2d 672, 673 (Tex. Crim. App. 1985).
 
A defendant placed on deferred adjudication may raise issues relating to the original plea proceeding only in appeals taken when the deferred adjudication is imposed and not after guilt is adjudicated.  
Vidaurri
, 49 S.W.3d at 884; 
Manuel v. State
, 994 S.W.2d 658, 661 (Tex. Crim. App. 1999).  This court lacks jurisdiction to address any potential error occurring before and up to appellant’s placement on deferred adjudication community supervision.  
See Vidaurri
, 49 S.W.3d at 884.  
Thus, the scope of this court’s review in this case is limited to jurisdictional defects, issues raised in writing and ruled on before the hearing on the petition to proceed to adjudication, and matters on which the trial court granted permission to appeal. 
 
W
oods v. State
, 68 S.W.3d 667, 669 (Tex. Crim. App. 2002); 
White v. State
, 61 S.W.3d 424, 427-28 (Tex. Crim. App. 2001). 
 In addition, the appellate court may review whether error occurred during the punishment phase after appellant was adjudicated guilty.  
Vidaurri
, 49 S.W.3d
 at 885.  

Our review of the record reveals no jurisdictional defects and no issues raised in writing and ruled on before the petition to proceed to adjudication.  The trial court also did not grant permission to appeal any issues.  Finally, the record from the punishment stage yields no reversible error, and the sentence assessed by the trial court is within the statutorily permissible range.  
See
 
Tex. Pen. Code Ann.
 § § 12.33, 30.02 (Vernon 1994 & Supp. 2003).  Moreover, there is no evidence in the record indicating that appellant’s trial counsel at punishment did not provide constitutionally required effective assistance of counsel.  
See Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  

After independently reviewing the record, we agree with appellate counsel’s determination that any appeal from this case would be frivolous.  Accordingly, we grant appellate counsel’s motion to withdraw and affirm the trial court’s judgment. 

PER CURIAM

PANEL F: DAY, J.; CAYCE, C.J.; and WALKER, J.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

[DELIVERED: FEBRUARY 13, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.