**David Michael JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00298–CR.**

Court of Appeals of Texas, Dallas.

Feb. 14, 1984.

Rehearing Denied March 1, 1984.

---

Mike Nelson, Dallas, for appellant.

Henry Wade, Dist. Atty., R.K. Weaver, Asst. Dist. Atty., Dallas, for appellee.

Before CARVER, ALLEN and SHUMPERT, JJ.

CARVER, Justice.

Jones appeals his revocation of probation after a hearing before a magistrate appointed pursuant to TEX.REV.CIV.STAT. ANN. art. 1918c (Vernon Supp.1982–1983). Jones challenges the power of the magistrate to preside at this hearing. We hold that a proceeding to revoke probation is a "trial on the merits" which may not be referred to a magistrate under art. 1918c § 4(b). Accordingly, we reverse and remand.

Jones was initially indicted and convicted for burglary but given probation by the 282nd District Court, Judge Kelly Loving presiding. Subsequently, an original and an amended Motion to Revoke Probation were filed in the same court. At a hearing on this motion, Magistrate John Ellis, not Judge Loving, heard all the evidence. Ellis stated that he found the allegations to be true and entered an oral order revoking probation. The written order consistent with Ellis' pronouncement was signed by Judge Loving.

Jones argues that the magistrate statute actually created "judges" in violation of the Texas Constitution and that we should reverse for this reason. We should not reach the constitutional argument unless it is necessary to determine this case. *Ex parte Salfen,* 618 S.W.2d 766 (Tex.Cr. App.1981); *Texas State Board of Barber Examiners v. Beaumont Barber College, Inc.,* 454 S.W.2d 729 (Tex.1970). Because we find that the magistrate conducted the revocation proceeding in violation of the statute's specific restrictions and that this mandates reversal, we are not required to reach the constitutional argument asserted.

The magistrate statute § 4(b) states that: "In no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a *trial on the merits* either with or without a jury." (emphasis added) A trial is a "judicial investigation and determination of the issues between the parties." *Gulf C. & S.F. Railway Company v. Muse,* 109 Tex. 352, 207 S.W. 897, 899 (1919). Jones disputed that he had violated the conditions of his probation, TEX.CODE CRIM.PROC. ANN. art. 42.12 § 8(a) (Vernon Supp.1982), and the revocation proceeding investigated the truth of the allegations with the testimony and cross-examination of several witnesses. A further "purpose of a trial is to correctly and *finally* determine the disputed issues between litigants." *Southern Underwriters v. Kelly,* 110 S.W.2d 153, 158 (Tex.Civ. App.—Texarkana 1937, writ dism'd) (emphasis added). Jones' prison sentence and right to appeal indicate the final, not interlocutory, nature of a revocation proceeding that distinguishes a trial on the merits. TEX.CODE CRIM.PROC.ANN. art. 42.12 § 8(a), (b) (Vernon Supp.1982). Because this proceeding to revoke probation investigated and finally resolved, for purposes of appeal, disputed substantive issues, we hold that it was a "trial on the merits," which a judge may not refer to a magistrate. *Howard v. State,* —— S.W.2d ——, No. 05–82–01219–CR (Tex.App.—Dallas January 24, 1984); *See Kelley v. Texas,* —— S.W.2d ——, No. 05–82–00514–CR (Tex.App. —Dallas, November 7, 1983).

Reversed and Remanded.