**David Michael JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 428–84.**

Court of Criminal Appeals of Texas,
En Banc.

April 29, 1987.

---

Lawrence B. Mitchell, on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty. and Anne B. Wetherholt, R.K. Weaver and Bill Sheetz, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was indicted for the felony offense of burglary of a habitation. See V.T.C.A. Penal Code, § 30.02. Appellant pled guilty and the judge assessed punishment at confinement in the Texas Department of Corrections for eight years, but suspended imposition of the sentence and placed appellant on probation. Eight months later, the State filed a Motion to Revoke Probation in the same court. The district judge referred the case to a Dallas County magistrate, who presided over the hearing. He recommended that appellant's probation be revoked. The district judge accepted the recommendation and appellant was ordered confined in the Department of Corrections for eight years.

On appeal to the Dallas Court of Appeals, appellant urged one ground of error attacking the constitutionality of Article § 1918c, V.A.C.S. The Court of Appeals bypassed appellant's stated ground for review and made an independent determination that the magistrate had violated specific restrictions listed in Art. 1918c. *Jones v. State*, 666 S.W.2d 360 (Tex.App.—Dallas 1984). Justice Carver, writing for the court, stated:

"[Appellant] argues that the magistrate statute actually created "judges" in violation of the Texas Constitution and that we should reverse for this reason. We should not reach the constitutional argument unless it is necessary to determine this case. [Citations omitted.] Because we find that the magistrate conducted the revocation proceeding in violation of the statute's specific restrictions and that this mandates reversal, we are not required to reach the constitutional argument asserted.

The magistrate statute § 4(b) states that: 'In no event may a judge refer to a magistrate a criminal case permitting the magistrate to preside over a *trial on the merits* either with or without a jury.' (Emphasis added.) A trial is a 'judicial investigation and determination of the issues between the parties.' *Gulf C. & S.F. Railway Company v. Muse*, 109 Tex. 352, 207 S.W. 897, 899 (1919). [Appellant] disputed that he had violated the conditions of his probation, [Art. 42.12 § 8(a), V.A.C.C.P.] and the revocation proceeding investigated the truth of the allegations with the testimony and cross-examination of several witnesses. A further 'purpose of a trial is to correctly and *finally* determine the disputed issues between litigants.' *Southern Underwrit-*

*ers v. Kelly,* 110 S.W.2d 153, 158 (Tex. Civ.App.—Texarkana 1937, writ dism'd). (Emphasis added.) [Appellant's] prison sentence and right to appeal indicate the final, not interlocutory, nature of a revocation proceeding that distinguishes a trial on the merits ... Because this proceeding to revoke probation investigated and finally resolved, for purposes of appeal, disputed substantive issues, we hold that it was a 'trial on the merits,' which a judge may not refer to a magistrate. *Howard v. State,* [667] S.W.2d [265], No. 05–82–01219–CR (Tex.App.—Dallas January 24, 1984): See *Kelley v. Texas* [sic], [669] S.W.2d [329], No. 05–82–00514–CR (Tex.App.—Dallas, November 7, 1983)."

*Id.* at 361.

The Dallas Court did not reach appellant's stated ground of error concerning the constitutionality of Art. 1918c on the basis that given the magistrate's violation of that statute, reversal was mandated.[1] We disagree with both the court's premise and its conclusion.

■ Initially, the magistrate did not act in derogation of Art. 1918c. The Court of Appeals held that the probation revocation hearing was a trial on the merits since a trial determines with finality the disputed issues between the parties, citing two civil cases. A review of criminal caselaw discloses that probation revocation hearings are not considered trials; a jury is not required, the usual rules of evidence need not apply, and the State must prevail by only a preponderance of the evidence. *Branch v. State,* 465 S.W.2d 160 (Tex.Cr. App.1971) and cases therein at 162; *Scamardo v. State,* 517 S.W.2d 293 (Tex.Cr. App.1974); *Wilson v. State,* 156 Tex.Cr.R. 228, 240 S.W.2d 774 (1951).

Moreover, the matters available for magistrate consideration listed in Sec. 4 and the magistrate powers listed in Sec. 5 of Art. 1918c militate against the appellate court's interpretation. Certainly, many of the list-

ed matters involve disputed issues between the parties. It is difficult to envision a hearing on a bond forfeiture or postconviction writ of habeas corpus that is not contested by the defendant in some way, yet the legislature saw fit to permit magistrates to preside over such hearings. We therefore reject the Court of Appeals' suggestion that a probation revocation hearing may not be presided over by a magistrate because it involves issues subject to dispute.

■ We also disagree that the finality of the judgment renders probation revocation hearings trials on the merits. In *Kelley,* supra, we stated:

"No act of the magistrate is legally binding unless and until the magistrate's actions are adopted by the referring court. They have no power of their own and are unable to enforce any ruling. Accordingly, it is apparent from the face of the statute that the magistrates act only as the agents of the district court, with proper supervision by the district court."

*Id.* at 107. Thus, a defendant's probation is not finally revoked unless and until the district judge, who referred the case to the magistrate, adopts the recommendations of the magistrate. The judge is not bound by the recommendations, and may refer the matter back to the magistrate for further actions, explanations or hearings. The final revocation, however, is made by the district judge with the proper constitutional authority.

■ Even if the magistrate had presided over a trial on the merits, the Court of Appeals improperly concluded that a reversal was mandated. The record shows that appellant consented to the judge's referral of the probation revocation hearing to the magistrate. Appellant did not object to the magistrate's actions at the hearing, nor did he raise the issue on appeal.

In the case at bar, the magistrate had

---

1. Appellant's contention regarding the constitutionality of Art. 1918c was addressed in *Kelley v. State,* 676 S.W.2d 104 (Tex.Cr.App.1984). Since appellant appeared before the magistrate prior

to the adoption of certain amendments to the Code of Criminal Procedure, the caveat urged by Judge Clinton in *Kelley,* at 110 is inapplicable.

jurisdiction of the case.[2] Thus, if he acted in a manner proscribed by Art. 1918c, such would constitute merely an irregularity in the proceedings, and an objection at trial would be necessary to preserve the issue for appellate review. Since appellant made no objection, and did not even raise the issue on appeal, the Dallas Court of Appeals erred in holding that the magistrate's alleged violations of Art. 1918c was fundamental error mandating reversal.

We must pause to make clear that the holding in this case is restricted to the facts of this case. Under other circumstances, a defendant may wish to contest the authority of a magistrate to preside over the probation revocation hearing. When the proper objection is made and the issue properly raised on appeal, a different result may arise. In the case at bar, however, the Court of Appeals failed to properly address issues presented.

Based upon the foregoing, the decision of the Dallas Court of Appeals reversing and remanding the case is reversed. The judgment of the district court is affirmed.

ONION, P.J., and TEAGUE, J., dissent.

**2.** After appellant was indicted on the felony burglary charge, the case was transferred to the 282nd Judicial District Court of Dallas County, where appellant pled guilty and was sentenced. When the State filed its Motion to Revoke Probation, the case was set in the same court. After the judge received the motion, he referred the case to the magistrate of that court.