George GARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–93–408–CR.

Court of Appeals of Texas, Austin.

June 29, 1994.

Rehearing Overruled Aug. 17, 1994.

Discretionary Review Refused Oct. 12, 1994.

Don Morehart, Austin, for appellant.

Ronald Earle, Dist. Atty., Robert Smith, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

PER CURIAM.

Appellant pleaded guilty to burglary of a habitation. Tex.Penal Code Ann. § 30.02 (West 1989). After finding that the evidence substantiated appellant's guilt, the district court deferred adjudication and placed appellant on probation. The State subsequently filed a motion to adjudicate. On the recommendation of the magistrate to whom the matter was referred, appellant's probation was revoked and he was adjudged guilty, punishment was assessed at imprisonment for thirty years, and sentence was imposed.

Travis County criminal law magistrates may not preside over a contested trial on the merits. Tex.Gov't Code Ann. § 54.-976(b) (West Supp.1994). Appellant contends the magistrate to whom the motion to adjudicate was referred by the district court did not have jurisdiction because the hearing on the motion was a contested trial on the merits. This contention has been considered and rejected by the Court of Criminal Appeals in a case arising out of Dallas County and interpreting a statute identical in all pertinent respects to that at issue in this cause. *Ex parte Howard*, 685 S.W.2d 672 (Tex.Crim.App.1985). The court stated:

> Applicant insists that the magistrate's actions in receiving his plea and confession [at the hearing on the motion to adjudicate] were tantamount to presiding over a trial upon the merits, which is specifically prohibited by Sec. 4(b).[1] But ... we hold that a hearing to proceed to adjudication is one of the other matters contemplated by Sec. 4(a)(6).[2] Where, as here, the judgment of the court is an independent action of the court and the magistrate's role is limited to advisory and fact-finding functions as provided by [former] Art. 1918c, we see no error in permitting the magistrate to preside over the hearing to proceed to adjudication.

685 S.W.2d at 674.

Appellant urges that this cause is distinguishable because, unlike the defendant in *Howard*, he did not plead true to the allegations in the motion to adjudicate pursuant to a plea bargain. We find nothing in *Howard* to indicate that the plea bargain was critical to the holding. Moreover, the Court of Criminal Appeals has also rejected the argument that any proceeding involving disputed issues between the parties is a "trial on the merits" that cannot be referred to a magistrate. *Jones v. State*, 728 S.W.2d 801, 803 (Tex.Crim.App.1987).

---

1. Act of June 1, 1981, 67th Leg., R.S., ch. 678, § 4(b), 1981 Tex.Gen.Laws 2546, 2547 (Tex.Rev. Civ.Stat.Ann. art. 1918c, § 4(b), since repealed and codified at Tex.Gov't Code Ann. § 54.-306(b)).

2. Act of June 1, 1981, 67th Leg., R.S., ch. 678, § 4(a)(6), 1981 Tex.Gen.Laws 2546, 2547 (Tex. Rev.Civ.Stat.Ann. art. 1918c, § 4(a)(6), since repealed and codified at Tex.Gov't Code Ann. § 54.306(a)(6)).

A Travis County district judge may refer to a criminal law magistrate any matter the judge considers necessary and proper. Gov't Code § 54.976(a)(9). We hold that the State's motion to adjudicate was referable to the magistrate pursuant to section 54.-976(a)(9). The hearing on the motion was not a "contested trial on the merits" within the meaning of section 54.976(b). Gov't Code § 54.976(b). The magistrate had jurisdiction to consider the motion to adjudicate and make a recommendation to the referring court. Point of error two is overruled.

■ In point of error one, appellant contends the district court erred by adjudicating him guilty without first reviewing the findings and recommendations of the magistrate. The judgment was signed on July 27, 1993. The magistrate's written findings, conclusions, and recommendations were signed by the magistrate August 2, 1993, and the district court's order adopting them was signed the same day. From this, appellant concludes that the district court did not perform its mandatory review of the magistrate's actions. *Omura v. State*, 730 S.W.2d 766 (Tex. App.—Dallas 1987, pet. ref'd).

■ A presumption of regularity applies to these proceedings. *Kelley v. State*, 676 S.W.2d 104, 108 (Tex.Crim.App.1984); *Christian v. State*, 865 S.W.2d 198, 202 (Tex. App.—Dallas 1993, pet. ref'd). The hearing before the magistrate was conducted on June 1 and 15, and the magistrate orally announced its findings and recommendations on July 9, 1993. That the magistrate's written findings and recommendations, and the district court's order adopting them, were not signed until August 2 does not mean that the findings and recommendations were not conveyed to and reviewed by the district court before that date. There is nothing in the record affirmatively demonstrating that the district court did not review the magistrate's findings and recommendations before signing the judgment on July 27. *Christian*, 865 S.W.2d at 202–03 (presumption of regularity applied where order placing defendant on probation was signed before order adopting magistrate's probation recommendation). *Omura*, relied on by appellant, is distinguishable because the record in that cause affir-matively showed that the magistrate made no findings or recommendations.

■ Appellant further argues that the district court must have before it a transcription of the court reporter's notes from the magistrate's hearing in order to conduct a meaningful review of the proceedings before the magistrate. The Dallas Court of Appeals has rejected this contention and we find its reasoning persuasive. *Allen v. State*, 748 S.W.2d 16 (Tex.App.—Dallas 1988, no pet.). In any event, appellant's failure to raise this contention in the district court waived any error. *Christian*, 865 S.W.2d at 201.

■ Appellant's last complaint under this point of error is that the district court adopted the magistrate's findings and recommendations before hearing and ruling on appellant's objections. A party has seven days after the date of the magistrate's ruling to tender to the referring court any objections to the ruling, and the referring court must consider these objections before taking final action. Tex.Gov't Code Ann. § 54.981(b) (West Supp.1994). The hearing on appellant's objections to the magistrate's findings and recommendations was held after the adoption order and judgment were signed by the district court. At the conclusion of the hearing, at which appellant did not complain of its timing, the court announced, "The Court is going to overrule the objection and adopt the findings and recommendations of the Magistrate in this matter." To the extent that the district court purported to take final action in this cause prior to the hearing on appellant's objections to the magistrate's ruling, the court's readoption of the findings and recommendations after hearing appellant's objections was sufficient to cure the error. Point of error one is overruled.

■ Finally, appellant contends the evidence does not support the magistrate's finding that appellant violated the conditions of his probation. By this point, appellant seeks to appeal the determination to proceed with an adjudication of guilt. No appeal may be taken from that determination. Tex.Code Crim.Proc.Ann. art. 42.12, § 5(b); *Olowosuko*

*v. State,* 826 S.W.2d 940, 942 (Tex.Crim.App. 1992). Point of error three is overruled.

The judgment of conviction is affirmed.