Willie James SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–95–00548–CR.

Court of Appeals of Texas, Austin.

Dec. 12, 1996.

contends the magistrate's determinations were based on the relative credibility the magistrate assigned the conflicting testimony given by Smith and by his victim, and certain other evidence. Smith objected to the magistrate's finding and recommendations and requested a trial de novo before the district judge. The district judge implicitly overruled Smith's objection by finding him guilty of the possession offense and sentencing him as recommended by the magistrate.

Don Morehart, Law Office of Don Morehart, Austin, for appellant.

Ronald Earle, District Attorney, C. Bryan Case, Jr., Assistant District Attorney, Austin, for Appellee.

Before POWERS, ABOUSSIE and JONES, JJ.

POWERS, Justice.

Willie James Smith appeals from a judgment convicting him of possessing a controlled substance and sentencing him to confinement for twelve years. We will affirm the judgment.

## THE CONTROVERSY

On Smith's plea of guilty and after hearing evidence substantiating his guilt, the district court deferred adjudication and placed him on probation following his indictment for possession of a controlled substance. The State moved afterwards that the court proceed to an adjudication of guilt based on allegations that Smith committed the offense of aggravated sexual assault in violation of the conditions of his probation. The district judge referred the matter to a Travis County criminal law magistrate. *See* Tex. Gov't Code Ann. §§ 54.971–.976 (West Supp.1997).

Following an evidentiary hearing, the magistrate found by a preponderance of the evidence that Smith committed the offense of aggravated sexual assault and recommended revocation of his probation and a sentence of twelve-years confinement. Smith correctly

## DISCUSSION AND HOLDINGS

In a single point of error, Smith apparently contends the district court judgment is void, for want of subject-matter jurisdiction, on the following theory: (1) the power to make credibility assessments is exclusively a judicial power vested only in the district courts of the State by article 5, section 1 of the Texas Constitution; (2) the magistrate therefore lacked power to make such assessments; and (3) consequently, the district court was powerless to base its adjudication thereon. In argument under the point, however, Smith also contends the power to make credibility assessments is not within the fact-finding power given magistrates in section 54.908(a)(8) of the Texas Government Code. *See* Tex. Gov't Code Ann. § 54.908(a)(8) (West 1988).

■ By authorizing the magistrate to receive evidence and make findings of fact based thereon, the legislature necessarily vested in magistrates the power to make credibility judgments. *See* Tex. Gov't Code Ann. § 54.908(a)(2), (8) (West 1988). We hold accordingly. We turn then to Smith's constitutional argument that the district court lacked subject-matter jurisdiction on the theory indicated.

■ The issue reduces to whether the magistrate's conduct of the hearing in the present case and his resulting recommendations to the district court amounted to the magistrate's presiding "over a contested trial on the merits" as prohibited by the Government Code.[1] We hold it did not because the

---

1. "A magistrate may not preside over a contested trial on the merits." Tex. Gov't Code Ann.

§ 54.976(b) (West 1988).

magistrate's determinations and recommendations are ultimately advisory owing to the provisions of section 54.912(a) of the Government Code.[2] *See Jones v. State,* 728 S.W.2d 801, 802–03 (Tex.Crim.App.1987); *Ex parte Howard,* 685 S.W.2d 672, 674 (Tex.Crim.App. 1985); *Gary v. State,* 880 S.W.2d 485, 486–87 (Tex.App.—Austin 1994, pet. ref'd). Smith distinguishes *Jones* on the ground that Jones failed to preserve error and *Howard* on the ground that Howard pleaded true to the allegations in the motion to proceed to adjudication. The holdings, rationale, and tenor of the *Jones* and *Howard* decisions do not reasonably permit the distinction, as we stated in *Gary;* more importantly, the district court's subject-matter jurisdiction derives from the Constitution and laws of the state and does not depend upon consent or waiver. *See Curry v. Wilson,* 853 S.W.2d 40, 45 (Tex. Crim.App.1993); *Scheetz v. Bader,* 251 S.W.2d 427, 429 (Tex.Civ.App.—Galveston 1952, writ ref'd). We believe the constitutional restriction of the judicial power to the specified courts listed in article 5 of the Texas Constitution, including district courts, is preserved by the statutory limitations placed upon magistrates.

Smith does not contend the district court abused its discretion in referring the matter to the magistrate, in failing to reject the magistrate's recommendations, in failing to afford Smith an evidentiary hearing in the district court following the magistrate's recommendations, or any other particular.

We overrule Smith's point of error and affirm the district-court judgment.

---

**2.** The "referring court may modify, correct, reject, reverse or recommit for further information any action taken by a magistrate." Tex. Gov't Code Ann. § 54.912(a) (West 1988).