TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00066-CR







Ramon Sanchez, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0924572, HONORABLE MIKE LYNCH, JUDGE PRESIDING







PER CURIAM


 In December 1992, appellant pleaded guilty and judicially confessed to possessing cocaine,
a controlled substance. After finding that the evidence substantiated appellant's guilt, the district court,
pursuant to a plea bargain agreement, deferred further proceedings and placed appellant on community
supervision for ten years. In January 1996, the court revoked supervision on the State's motion,
adjudicated appellant guilty, and assessed punishment at imprisonment for sixteen years.

 Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and
without merit. The brief meets the requirements of Anders v. California, 386 U.S. 738 (1967); see also
Penson v. Ohio, 488 U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App.
1972); Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969). In addition, appellant filed a pro se
brief bringing forward twenty-three points of error.

 No appeal may be taken from the determination to proceed to adjudication. Phynes v.
State, 828 S.W.2d 1 (Tex. Crim. App. 1992); Olowosuko v. State, 826 S.W.2d 940, 942 (Tex. Crim.
App. 1992); Daniels v. State, 615 S.W.2d 771 (Tex. Crim. App. 1981); Tex. Code Crim. Proc. Ann.
art. 42.12, § 5(b) (West Supp. 1997). After an adjudication of guilt, the appeal proceeds as if the
adjudication of guilt had not been deferred. Art. 42.12, § 5(b). This appeal is also subject to the limitations
imposed by the "but clause" of rule 40(b)(1). Watson v. State, 924 S.W.2d 711, 714-15 (Tex. Crim.
App. 1996); Tex. R. App. P. 40(b)(1). The notice of appeal recites that the district court gave appellant
permission to appeal "the defendant's initial plea to deferred adjudication."

 The arguable point of error raised in counsel's Anders brief and points of error five, six,
eleven, twelve, thirteen, seventeen, eighteen, nineteen, twenty, and twenty-one in appellant's pro se brief
complain of errors at the adjudication hearing or other matters unrelated to the "initial plea to deferred
adjudication." None of these points raises a jurisdictional issue. Watson, 924 S.W.2d at 714-15. These
points of error therefore are not properly before us and are overruled without discussion.

 Appellant contends that his counsel at the guilty plea proceeding was ineffective. He further
contends that his guilty plea was coerced by the actions of defense counsel and the prosecutor. The facts
asserted by appellant in support of these contentions are not in the record. Pro se points of error one and
two are overruled.

 Next, appellant contends the district court erred by overruling his pretrial motion to
suppress evidence. While a motion to suppress appears in the transcript, the record does not reflect that
it was ruled on by the court. Nothing is presented for review. Pro se point of error three is overruled.

 In pro se points four and sixteen, appellant urges that the district court erred by imposing
incarceration as a condition of his deferred adjudication community supervision. Ex parte Shillings, 641
S.W.2d 538 (Tex. Crim. App. 1982). While this may have been error, it is now moot. These points of
error are overruled.

 In his seventh point of error, appellant contends the appellate record is incomplete. He
specifically complains that a pretrial hearing on his motion to suppress evidence and a sentencing hearing
before a magistrate are absent. With regard to the pretrial hearing, appellant refers us to a docket entry
dated November 23, 1992, reading, "Reset for JT on 12-7, 1992." We understand "JT" to mean "jury
trial." In fact, appellant appeared before the court on December 7, 1992, and entered his guilty plea. 
There is nothing in the statement of facts from that proceeding or elsewhere in the record to indicate that
a hearing on appellant's motion to suppress was held on that or any other date.

 After accepting appellant's guilty plea, the district court referred the question of sentencing
to a magistrate. The transcript contains the "findings, conclusions and recommendations of magistrate
sentencing" dated January 7, 1993. This document reflects the existence of a plea bargain and recommends
its acceptance. There is no indication that the magistrate heard evidence relevant to sentencing. Pro se
point of error seven is overruled.

 In three points of error, appellant contends the prosecutor failed to reveal the name of a
confidential informer after being ordered to do so by the district court. Appellant contends this was
prosecutorial misconduct that rendered his guilty plea involuntary. Finding nothing in the record to
substantiate appellant's factual assertions, we overrule pro se points of error eight, nine, and ten.

 Appellant's next complaint is that he was not informed at the time he entered his plea about
the possible consequences of a violation of community supervision. Art. 42.12, § 5(a). We have held that
the failure to provide this information does not render a guilty plea involuntary. Moss v. State, No. 3-95-636-CR (Tex. App.--Austin Dec. 5, 1996, no pet. hist.). Appellant does not explain how this alleged
error harmed him. Pro se point of error fourteen is overruled.

 Appellant further contends that the referral of sentencing to the magistrate was improper
because a magistrate may not determine whether to place a defendant on community supervision. The
court of appeals opinion on which appellant relies was reversed by the Court of Criminal Appeals. Kelley
v. State, 669 S.W.2d 329 (Tex. App.--Dallas 1983), rev'd, 676 S.W.2d 104 (Tex. Crim. App. 1984). 
Travis County magistrates are expressly authorized to preside over negotiated guilty pleas and sentencing. 
Tex. Gov't Code Ann. § 54.976 (West Supp. 1997). The record reflects that while the magistrate
recommended acceptance of the plea bargain, the final determination was made by the district court. There
is nothing to indicate that the proceedings were irregular. Gary v. State, 880 S.W.2d 485 (Tex.
App.--Austin 1994, pet. ref'd). Pro se point of error fifteen is overruled.

 Appellant's penultimate point of error is that the district court attempted to limit or deny him
his right to appeal. To the contrary, had the court not granted its permission to appeal, appellant would
have been limited to jurisdictional issues and the question of the voluntariness of the guilty plea. Flowers
v. State, No. 1431-95 (Tex. Crim. App. Oct. 30, 1996); Watson at 714-15. Pro se point of error
twenty-two is overruled.

 Finally, appellant complains of rulings by this Court during the pendency of the appeal. 
Appellant does not persuade us that these rulings should be reconsidered. Pro se point of error twenty-three is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: January 9, 1997

Do Not Publish



cript, the record does not reflect that
it was ruled on by the court. Nothing is presented for review. Pro se point of error three is overru