Ronald Andrew FENNELL, Appellant,

v.

The STATE of Texas, State.

Nos. 2-95-382-CR, 2-95-383-CR.

Court of Appeals of Texas,
Fort Worth.

Dec. 23, 1997.

Abe Factor, Lollar & Factor, P.C., Fort Worth, for Appellant.

Tim Curry, Crim. Dist. Atty., Chuck Mallin, Assistant Chief of the Appellate Division, John A. Stride, Christy Jack, Sharon McLaughlin, Asst. Crim. Dist. Attys., Fort Worth, for Appellee.

Before DAY, CHUCK MILLER (Sitting by Assignment) and SHIRLEY W. BUTTS (Retired, Sitting by Assignment), JJ.

## OPINION

SHIRLEY W. BUTTS, Justice (Retired).

Ronald Andrew Fennell appeals his two convictions for aggravated sexual assault of a child. Following his pleas of guilty in both cases, the trial court assessed punishment at 20 years' imprisonment in each case, to be served concurrently.

Appellant entered his pleas of guilty before a Tarrant County magistrate. *See* TEX. GOV'T CODE ANN. §§ 54.651–.663 (Vernon 1988 & Supp.1998). In his first point, appellant maintains that the magistrate lacked jurisdiction because she was not the elected judge of the court and because each referral order was not signed until four days after appellant entered his pleas of guilty. Appellant contends the judgments are therefore void. The second point states the trial court

erred in admonishing appellant he had no right of appeal except as to jurisdictional issues. We affirm.

█ Appellant entered open pleas of guilty with no punishment agreement. We have no reporter's record of the proceedings. *See* TEX. GOV'T CODE ANN. § 54.659 (Vernon Supp. 1998) (party must request court to provide court reporter in proceedings before magistrate); TEX. R. APP. P. 34.6(b) (burden on appellant to request reporter's record).

The court instruments before this court contain the file-marked date of February 17, 1995, showing when the pleas before Magistrate Molly S. Jones were entered. The plea instruments consist of the written admonishments, written waivers, application for probation, and certificate of proceedings. The district court orders referring the cases and adopting the orders of the magistrate are also file-marked February 17, 1995. The court dockets in the causes concur with that date. But the district court judge did not sign the orders until six days later.

The orders of the district court regarding actions of the magistrate is one basis of the argument in the first point of error. The 213th District Court Judge Robert K. Gill signed the orders February 21, 1995. Included in the appellate record is the reporter's record of the punishment trial conducted on June 30, 1995 by the district court judge after a presentence investigation. Judge Gill signed the judgments in his capacity as presiding judge of the 213th District Court on June 30, 1995.[1]

█ The authority for a Tarrant County magistrate of the criminal courts to conduct plea proceedings is statutory. *See* TEX. GOV'T CODE ANN. §§ 54.651–.663 (Vernon 1988 & Supp.1998). The question whether the district judge complied with the requirements of the Tarrant County Magistrates Act is one of law. *See Armstrong v. State,* 805 S.W.2d 791, 793 (Tex.Crim.App.1991). Even if we assume, without deciding, that the orders at issue appear confusing, there is no prescribed time in the law regarding when the order of referral is required to be signed by

the district court. Therefore, appellant has failed to show that there has been no compliance with the law.

█ We further note that the record in no place indicates an objection by appellant to the referral of the proceedings to the magistrate. Appellant does not contend that he did not consent to the referral. To the extent that a defendant consents to the referral, it will ordinarily not be subject to challenge. Even if a magistrate acts outside her "jurisdiction," the error would constitute one of procedural irregularity requiring an objection at trial to preserve the issue for appellate review. *See Jones v. State,* 728 S.W.2d 801, 804 (Tex.Crim.App.1987); *McKinney v. State,* 880 S.W.2d 868, 870 (Tex.App.—Fort Worth 1994, pet. ref'd).

█ Jurisdiction consists of a court's power to adjudicate the subject matter of the case, conveyed by statute or constitutional provision, coupled with personal jurisdiction over the accused, invoked in felony prosecutions by the filing of an adequate indictment or information. *Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981); *Garcia v. Dial,* 596 S.W.2d 524, 527–28 (Tex.Crim.App. [Panel Op.] 1980); *Christian v. State,* 865 S.W.2d 198, 201 (Tex. App.—Dallas 1993, pet. ref'd). Article V, section 12 of the Texas Constitution provides, "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12.

The jurisdiction of the magistrate was questioned in *Davis v. State,* 928 S.W.2d 289 (Tex.App.—Fort Worth 1996), *rev'd,* 956 S.W.2d 555 (Tex.Crim.App. 1997). The Court of Criminal Appeals wrote that a magistrate is not a judge in his own right but acts as a surrogate of the duly elected judge of the district court. *Id.,* at 559; *see Kelley v. State,* 676 S.W.2d 104, 107 (Tex.Crim.App. 1984).

█ The Magistrate's Act does not increase or diminish the constitutional jurisdiction of the district court. *See Kelly v. State,*

---

1. A magistrate's actions are deemed to be adopted by the trial court if the trial court does

not alter them. *See* TEX. GOV'T CODE ANN. § 54.662(b).

724 S.W.2d 42, 47 (Tex.Crim.App.1987). Magistrates act as agents of the district court and have no authority of their own. *See Howard v. State,* 690 S.W.2d 252, 255 (Tex.Crim.App.1985). A magistrate, as the agent of the district court, has general jurisdiction, subject matter jurisdiction and personal jurisdiction because a district judge has referred a matter to the magistrate, and the defendant appears to participate in the proceeding before the magistrate. Therefore, the properly invoked jurisdiction of the district court cloaks the magistrate with authority as the court's appointed agent. If the district judge has authority over the case, and the magistrate is qualified to be a magistrate, and he performs acts authorized under the Government Code, his acts are not void.

In the present case, the jurisdiction of the district court had attached and is not in issue. The judgment is not void. We overrule the portion of the point of error contending that the magistrate had no authority to accept the guilty pleas because she was not the elected judge.

 Regarding the district court orders, appellant complains on appeal only of an alleged nonjurisdictional procedural irregularity or defect, the timeliness of the referral orders. The error in this case concerned the process only. Jurisdiction was not affected and the orders were not void. *See Davis,* 928 S.W.2d at 292. Furthermore, by the orders adopting the actions of the magistrate, the district court judge cured any procedural irregularity. *See Gary v. State,* 880 S.W.2d 485, 487 (Tex.App.—Austin 1994, pet. ref'd).

■ In addition, the rule is that a nonnegotiated guilty plea waives complained-of nonjurisdictional defects occurring prior to the entry of the plea. *Jack v. State,* 871 S.W.2d 741, 743 (Tex.Crim.App.1994). Appellant has therefore waived the alleged error. Point one is overruled.

■ Appellant next urges that the court erred in its written admonishments that he had no right of appeal except as to jurisdictional errors. We agree the written admonishment, given before appellant entered his pleas, partially advised appellant of his right of appeal. It is correct that a defendant in a nonnegotiated "open" plea may only appeal jurisdictional errors arising prior to his plea. He may also appeal errors subsequent to his open plea whether they are jurisdictional or not. *See id.* at 744.

■ However, TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp.1998) does not mandate that a defendant be admonished on his right to appeal. Further, there are no statutory or judicial requirements that a defendant pleading guilty without the benefit of a plea bargain be advised of his limited right of appeal. *See Reid v. State,* 846 S.W.2d 585, 586 (Tex.App.—Houston [14th Dist.] 1993, pet. ref'd); *Hines v. State,* 822 S.W.2d 790, 791 (Tex.App.—Corpus Christi 1992, pet. ref'd).

Appellant does not contest the voluntariness of his pleas. In any event, because the admonishment was not required, it cannot affect the voluntariness of the pleas. Further, appellant has not demonstrated how harm resulted to him from the admonishment. We overrule point two.

The judgments are affirmed.