TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-97-00461-CR


NO. 03-97-00462-CR







Kenneth Eugene Foster, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF BEXAR COUNTY, 186TH JUDICIAL DISTRICT


NOS. 94CR7173A & 94CR7174A , HONORABLE TERRY McDONALD, JUDGE

PRESIDING







 Appellant Kenneth Eugene Foster was charged with two separate offenses of aggravated
assault with a deadly weapon. See Tex. Penal Code Ann. § 22.02 (West 1994). The trial court received
appellant's plea of guilty to each offense and found the evidence substantiated appellant's guilt. The court
deferred adjudication of guilt and placed appellant on community supervision for ten years. See Tex. Code
Crim. Proc. Ann. art. 42.12, § 5(a) (West Supp. 1998).

 Subsequently, the State moved the trial court to revoke appellant's community supervision
and to adjudicate his guilt because appellant had violated a condition of community supervision by
committing capital murder. The trial court adjudicated appellant's guilt and assessed his punishment at
imprisonment for ten years in each case and imposed sentence. See id. § 5(b) (West Supp. 1998). 
Appellant appeals, contending in point of error two that he was deprived of due process in the revocation
hearing and in point of error one that his plea of guilty was involuntary. We will dismiss appellant's point
of error two, overrule his point of error one, and affirm the trial court's judgments.

 In point of error two, appellant complains that the trial court erred in failing to conduct an
adjudication hearing that provided him with the minimum substantive and procedural due process
protections provided by the Constitutions of the United States and of Texas and the Texas Code of
Criminal Procedure. Appellant's specific complaint is that the trial court improperly took judicial notice
of the court's files and the testimony that the court had heard in the trial in which a jury found appellant
guilty of capital murder.

 When a defendant has been granted deferred adjudication of his guilt and it is thereafter
alleged he violated a condition of community supervision, he is entitled to a hearing limited to the
determination by the court of whether it proceeds with adjudication of guilt on the original charge. See id. 
No appeal may be taken from this determination. Id.; see Olowosuko v. State, 826 S.W.2d 940, 941-42
(Tex. Crim. App. 1992); Contreras v. State, 645 S.W.2d 298 (Tex. Crim. App. 1983); Abdallah v.
State, 924 S.W.2d 751, 754-55 (Tex. App.--Fort Worth 1996, pet. ref'd); Gary v. State, 880 S.W.2d
485, 487-88 (Tex. App.--Austin 1994, pet. ref'd). Courts have upheld the constitutionality of the statute
which disallows an appeal from a hearing to adjudicate guilt on the original charge. See Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992); Ex parte Hernandez, 705 S.W.2d 700, 701-03 (Tex. Crim.
App. 1986); Elizondo v. State, 861 S.W.2d 294, 295 (Tex. App.--San Antonio 1993, no pet.). 
Appellant may not appeal from the proceeding adjudicating his guilt. Appellant's point of error two is
dismissed.

 In his first point of error, appellant asserts that his plea of guilty was involuntary because
he did not understand that his community supervision could be revoked without a hearing that would
provide him with substantive and procedural due process. Although appellant pled guilty, he may appeal
to challenge the voluntariness of his plea. Flowers v. State, 935 S.W.2d 131, 134 (Tex. Crim. App.
1996). However, when the record reflects, as it does in this case, that the trial court properly admonished
the defendant, there is a prima facie showing the plea was knowing and voluntary. See Solis v. State, 945
S.W.2d 300, 302 (Tex. App.--Houston [1st Dist.] 1997, pet. ref'd); Smith v. State, 857 S.W.2d 71,
73 (Tex. App.--Dallas 1993, pet. ref'd). The burden then shifts to the defendant to establish that he did
not understand the consequences of his plea. Solis, 945 S.W.2d at 302; Miller v. State, 879 S.W.2d
336, 338 (Tex. App.--Houston [14th Dist.] 1994, pet. ref'd).

 Appellant's makes his contention for the first time on appeal; nothing in the record supports
his claim that he would not have pled guilty if he had known the nature of the hearing to adjudicate his guilt
and to revoke his community supervision. After his guilty plea, appellant did not appeal claiming the
involuntariness of his plea; appellant was entitled to an appeal at that time. See Dillihey v. State, 815
S.W.2d 623 (Tex. Crim. App. 1991). After his guilt was adjudicated, appellant did not file and present
a motion for new trial in an attempt to show his plea was involuntary. See id. at 626 n.7; see also Tex.
Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1998). Nothing in the record rebuts the
presumption that appellant's guilty plea was freely and voluntarily made. See Solis, 945 S.W.2d at 302.

 The clerk's record includes the "Court's Admonishments and Defendant's Waivers and
Affidavit of Admissions" to which the appellant swore and signed his name. We quote portions of that
instrument:


COURT'S ADMONISHMENTS:


* * * * *



You are admonished that if convicted of a felony the following applies:


* * * * *



5. DEFERRED ADJUDICATION



If the Court defers adjudicating your guilt and places you under community supervision, on
violation of any condition you may be arrested and detained as provided by law. You are
then entitled to a hearing limited to a determination by the Court of whether to proceed
with an adjudication of guilt on the original charge. No appeal may be taken from this
determination. After adjudication of guilt, all proceedings including the assessment of
punishment and your right to appeal continue as if adjudication of guilt had not been
deferred.


* * * * *



I, the Defendant, hereby enter a plea of GUILTY to this charge.


* * * * *



5. I am pleading GUILTY, . . . because I am guilty, and for no other reason. . . . I have
considered all aspects of my legal situation and discussed them with my attorney and have
determined that the entry of such plea is in my own best interest.


6. I understand the Court's admonishments as contained in this waiver.


7. I am satisfied with the advice and representation of my attorney in this case.



 In his signed application requesting deferred adjudication of his guilt, appellant made the
following acknowledgment.


 I acknowledge that, as relates to my application for deferred adjudication, I have
been advised by the Court that if adjudication of my guilt is deferred, and I am placed on
community supervision, on violation of any condition of community supervision I may be
arrested and detained just as any other alleged community supervision violator, and I will
be entitled to a hearing limited to the determination by the Court of whether it proceeds
with an adjudication of guilt on the original charge. No appeal may be taken from this
determination. After an adjudication of guilt, all proceedings, including assessment of
punishment, pronouncement of sentence, granting of community supervision and
defendant's appeal continue as if the adjudication of guilt had not been deferred.



 The reporter's record shows that the trial court carefully admonished, advised, and
explained to appellant that if the court granted deferred adjudication of guilt there were advantages and that
if appellant should violate the conditions of community supervision there were disadvantages.

 The record wholly fails to support appellant's contention that his plea was involuntary. 
Appellant's first point of error is overruled.


 The judgment of the trial court and the order revoking community supervision are affirmed.



 

 Carl E. F. Dally, Justice

Before Justices Powers, Aboussie and Dally*

Affirmed on Both Causes

Filed: July 2, 1998

Do Not Publish











* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. See Tex.
Gov't Code Ann. § 74.003(b) (West 1988).



 defers adjudicating your guilt and places you under community supervision, on
violation of any condition you may be arrested and detained as provided by law. You are
then entitled to a hearing limited to a determination by the Court of whether to proceed
with an adjudication of guilt on the original charge. No appeal may be taken from this
determination. After adjudication of guilt, all proceedings including the assessment of
punishment and your right to appeal continue as if adjudication of guilt had not been
deferred.


* * * * *



I, the Defendant, hereby enter a plea of GUILTY to this charge.


* * * * *



5. I am pleading GUILTY, . . . because I am guilty, and for no other reason. . . . I have
considered all aspects of my legal situation and discussed them with my attorney and have
determined that the entry of such plea is in my own best interest.


6. I understand the Court's admonishments as contained in this waiver.


7. I am satisfied with the advice and representation of my attorney in this case.