# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00331-CR

**James Coy, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT NO. D-1-DC-06-302226, HONORABLE JIM CORONADO, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant James Coy pleaded guilty to assault with family violence and was placed on deferred adjudication community supervision. *See* Tex. Penal Code Ann. § 22.01 (West Supp. 2009). The State subsequently moved to adjudicate, alleging that appellant violated the terms of his supervision by failing to pay his fine, fees, and costs, and by committing another assault. After a hearing before a magistrate and based on the magistrate's findings and recommendations, the trial court adjudicated appellant guilty and sentenced him to ten years in prison and a $473.82 fine. In three points of error, appellant contends that the referral of the adjudication motion to the magistrate was unconstitutional and otherwise unlawful. We overrule these contentions and affirm the conviction.

In his first point of error, appellant contends that subchapter Q of chapter 54 of the government code, governing the use of criminal law magistrates in Travis County, violates the Texas

Constitution because it permits a district court to delegate substantial judicial duties to a magistrate without any meaningful judicial oversight or review of the magistrate's actions. *See* Tex. Const. art. V, §§ 1, 7, 8 (providing for and defining jurisdiction of district courts); Tex. Gov't Code Ann. §§ 54.970-.984 (West 2005) (criminal law magistrates in Travis County). Although he purports to challenge the constitutionality of the entire subchapter, appellant's argument is directed against section 54.982(b), which provides that "[i]f the [referring district] court does not modify, correct, reject, reverse, or recommit an action of the magistrate, the action becomes the decree of the court." Tex. Code Crim. Proc. Ann. art. § 54.982(b). Appellant argues that by allowing the action of the magistrate to become the decree of the court without any further action by the court, section 54.982(b) permits a district court to delegate to a surrogate the judicial authority committed to the court by the constitution.

Appellant lacks standing to make this argument because section 54.982(b) did not operate in this case. Outside the First Amendment free speech context, if there is no constitutional defect in the application of a statute to the litigant, he does not have standing to argue that the statute would be unconstitutional if applied to a third party in a hypothetical situation. *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) (quoting *Ulster County Court v. Allen*, 442 U.S. 140, 154-55 (1979)). Thus, it is generally incumbent on a defendant challenging the constitutionality of a statute to show that in its operation the statute is unconstitutional as to him in his situation. *Raby v. State*, 970 S.W.2d 1, 7 (Tex. Crim. App. 1998); *Santikos*, 836 S.W.2d at 633. In this case, the magistrate prepared written findings and recommendations and forwarded them to the district court, which in turn made a written order expressly stating that it had reviewed and adopted the magistrate's actions. *See* Tex. Gov't Code Ann. §§ 54.981(a), .982(a). The court thereafter rendered

2

and signed a written judgment adjudicating appellant's guilt and imposing sentence. Whether section 54.982(b) violates the Texas Constitution by allowing a magistrate's action to become the court's decree by default is an issue that appellant is in no position to raise because it was not applied to him. Point of error one is overruled.

Appellant makes a similar argument in his third point of error. He contends that the issues raised and decisions made at an adjudication hearing "go to the very core of judicial power in a criminal case," and that to delegate these decisions to a judicial surrogate over his objection denied him due process and due course of law. *See* U.S. Const. amends. V, XIV; Tex. Const. art. I, § 19.

The State contends that appellant failed to make an objection preserving this contention for appeal. Appellant's only objection to having the adjudication hearing before the magistrate was made after the State rested at the hearing. Before calling the only defense witness, who was appellant, counsel stated, "I would like to renew my objection about Mr. Coy hasn't waived his right to have Judge Denton hear this case."[1] The magistrate asked counsel, "What is the basis of the objection?" Counsel replied, "He was the sentencing judge on this particular case . . . ."[2] The magistrate persisted, "What is the legal basis for that?" Counsel responded, "Well, the sentencing judge is supposed to hear the—any revocations on his judgment." The magistrate asked, "So is that your entire objection?" Counsel replied, "Yes, Your Honor."

---

[1] If there was an earlier objection, appellant does not refer us to it and we have not found it.

[2] The earlier proceedings in this cause were before the Travis County Court at Law Number 4. *See* Tex. Gov't Code Ann. § 25.2292(c) (West Supp. 2009). The cause was transferred to the district court after the county court at law deferred adjudication and placed appellant on community supervision.

We share the State's doubts as to the adequacy of this objection, but appellant's contention is without merit in any event. The court of criminal appeals has stated that "[n]o act of the magistrate is legally binding unless and until the magistrate's actions are adopted by the referring court. . . . [T]he magistrates act only as the agents of the district court . . . ." *Kelley v. State*, 676 S.W.2d 104, 107 (Tex. Crim. App. 1984) (holding that Dallas County magistrate's act did not violate V of Texas Constitution). In the cause before us, the district court referred the motion to adjudicate to the magistrate, received, considered, and adopted the magistrate's findings and recommendations, and rendered judgment adjudicating appellant guilty and imposing sentence. At every step of the proceeding, the magistrate acted under the supervision of the district court. We hold that the district court did not improperly delegate its judicial authority and thereby deny appellant due process or due course of law. Point of error three is overruled.

Finally, appellant contends that the magistrate was statutorily prohibited from hearing evidence and making a recommendation regarding the punishment to be assessed following adjudication of guilt. Appellant acknowledges that a district court is authorized to refer to a magistrate proceedings involving a motion to proceed to adjudication. Tex. Code Crim. Proc. Ann. art. § 54.976(a)(10). He argues, however, that the punishment proceeding following adjudication constitutes a criminal trial on the merits over which a magistrate may not preside. *See id*. § 54.976(b). He argues that sections 54.976(a)(10) and 54.976(b) must be read together so as to permit the referral of the decision to adjudicate, but not the subsequent punishment determination.

This Court has twice held that a hearing on a motion to proceed to adjudication is not a contested trial on the merits and may properly be referred to a magistrate. *Smith v. State*, 936 S.W.2d 434, 435-36 (Tex. App.—Austin 1996, no pet.); *Gary v. State*, 880 S.W.2d 485, 487

4

(Tex. App.—Austin 1994, pet. ref'd). Nothing said in *Barfield v. State* or *Lopez v. State*, more recent opinions cited by appellant, is inconsistent with our holdings in *Smith* and *Gary*. *See Barfield v. State*, 63 S.W.3d 446, 449-50 (Tex. Crim. App. 2001) (citing prior case law and restating that bifurcated trial procedure applies only to pleas of not guilty before jury); *Lopez v. State*, 96 S.W.3d 406, 412 (Tex. App.—Austin 2002, pet. ref'd) (same). We hold that the statutory authority to refer "proceedings involving . . . a motion . . . to proceed to an adjudication" encompasses both the decision to adjudicate and the determination of the appropriate punishment. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Waldrop

Affirmed

Filed: August 11, 2010

Do Not Publish