

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-15-00027-CR**
**NO. 02-15-00028-CR**
**NO. 02-15-00029-CR**

WILLIAM BRUCE SENN JR.                                                    APPELLANT

V.

THE STATE OF TEXAS                                                              STATE

----------

FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
TRIAL COURT NO. CR14-0051, CR14-0052, CR14-0163

----------

## MEMORANDUM OPINION[1]

----------

Appellant William Bruce Senn Jr. entered an open plea of guilty to count one in the two cases for which he was indicted for sexual assault of a child and to all three counts in the case for which he was indicted for possession of child pornography. The trial court accepted Senn's guilty pleas but reserved a finding

---

[1]*See* Tex. R. App. P. 47.4.

of guilt. At the punishment hearing, the trial court took judicial notice of Senn's presentence investigation report, the victim testified concerning the events that formed the basis of the three indictments, Senn's military records were admitted into evidence, and Senn's father-in-law provided character testimony on Senn's behalf. After hearing the testimony and reviewing the evidence, the trial court found Senn guilty in accordance with his five guilty pleas and sentenced him to twenty years' confinement in each of the cases involving sexual assault of a child and to ten years' confinement on each of the three counts in the case involving possession of child pornography and ordered all five of the sentences to run concurrently. In a single issue, Senn argues that his guilty pleas were not made knowingly. We will affirm.

Due process requires that a guilty plea be entered knowingly, intelligently, and voluntarily. *Boykin v. Alabama*, 395 U.S. 238, 242–44, 89 S. Ct. 1709, 1712 (1969); *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App.), *cert. denied*, 549 U.S. 1052 (2006). When the record reflects that a defendant was properly admonished, a prima facie showing exists that the guilty plea was entered knowingly and voluntarily. *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998). The burden then shifts to the defendant to establish that, notwithstanding the statutory admonishments, he did not understand the consequences of his plea. *Id.*

The record reflects that Senn and his counsel signed written admonishments complying with article 26.13(a) of the Texas Code of Criminal

2

Procedure. *See* Tex. Code Crim. Proc. Ann. art. 26.13(a) (West Supp. 2014). Senn signed his name right after the paragraph stating,

> I sign this document after consulting with my attorney. I have read each and every paragraph above[,] . . . and I fully understand each and every paragraph and admonishment herein. I am aware of the consequences of my plea. Furthermore, I have no questions about these admonishments, as given by the Court.

Senn orally reaffirmed his understanding of the admonishments when the trial court went over them at the plea hearing. Because the record reflects that Senn was properly admonished, the record constitutes a prima facie showing that Senn's guilty pleas were knowingly and voluntarily made. *See Martinez*, 981 S.W.2d at 197. The burden therefore shifts to Senn to establish that, notwithstanding the statutory admonishments, he did not understand the consequences of his guilty pleas. *See id.*

Senn argues that his pleas were not made knowingly because there was a lack of both "a clear explanation" and "a clear understanding of the consequences" of his guilty pleas. With regard to his argument that a lack of a clear explanation of the admonishments exists, Senn points to a single admonishment—the admonishment that when there is no plea bargain, any appeal of a conviction based on a plea of guilty is limited to jurisdictional issues. Senn contends that this admonition "is inadequate and in fact amounts to no meaningful admonition." The admonition that Senn complains of is not required to be given by article 26.13, and there are no statutory or judicial requirements that a defendant pleading guilty without the benefit of a plea bargain be advised

3

of his limited right of appeal.[2] *See Fennell v. State*, 958 S.W.2d 289, 292 (Tex. App.—Fort Worth 1997, no pet.). Thus, the inclusion of this admonition does not render Senn's guilty plea involuntary.

With regard to his argument that there was a lack of a clear understanding of the consequences of his guilty pleas, Senn points to an impairment rating decision from the Department of Veterans Affairs, which was admitted as part of Senn's military records. The records show that Senn suffers from post-traumatic stress disorder and that "[a]n evaluation of 70 percent is assigned for occupational and social impairment, with deficiencies in most areas, such as . . . judgment, thinking, . . . [and] impaired impulse control." Senn argues that "[g]iven the evidence of [his] dramatic disabilities, it is unreasonable to conclude that Appellant, a lay person unschooled in the law, understood the meaning or the significance of 'jurisdictional issues.'" Because, as explained above, the admonition that he complains of is not statutorily required to be given, an understanding of the meaning or the significance of the term "jurisdictional issues" is not required in order for a plea to be made knowingly. *See id.* Moreover, nothing in the record indicates that Senn failed to understand the proceedings generally or the specific rights he was waiving by pleading guilty.

---

[2]To the extent that Senn's argument can be broadly construed as requesting this court to rewrite the admonitions that are given by trial courts, such task must be left to the legislature. *See Safety Nat'l Cas. Corp v. State*, 273 S.W.3d 157, 165 (Tex. Crim. App. 2008) (Cochran, J., concurring) (explaining that statutory inadequacies are best left to the legislature to remedy).

4

Senn has not shown how his mental impairment prevented him from knowingly making his guilty pleas. *See Dickey v. State*, Nos. 05-07-01090-CR, 05-07-01214-CR, 2008 WL 2877761, at *1 (Tex. App.—Dallas July 25, 2008, pet ref'd) (not designated for publication).

We hold that Senn failed to meet his burden of establishing that, notwithstanding the statutory admonishments, he did not understand the consequences of his guilty pleas and therefore hold that his guilty pleas were made knowingly and voluntarily. *See Martinez*, 981 S.W.2d at 197; *Rudnick v. State*, No. 03-02-00767-CR, 2003 WL 22023435, at *2 (Tex. App.—Austin Aug. 29, 2003, pet. ref'd) (mem. op., not designated for publication) (holding appellant knowingly and voluntarily pleaded guilty without an agreed punishment recommendation, despite appellant's claims that his guilty plea was not knowingly made because he did not understand he was not eligible for probation). We overrule Senn's sole issue.

Having overruled Senn's sole issue, we affirm the trial court's judgments.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 1, 2015